CLEVELAND BAR ASSOCIATION *v.* STEIN.

(D. D. No. 71-4—Decided February 9, 1972.)

*Mr. Lewis Einbund, Mr. Charles B. Donahue, II,* and *Mr. Lawrence M. Bell,* for relator.

*Mr. Fred Weisman,* for respondent.

*Per Curiam.* Failure of an attorney to timely file his income tax return constitutes a violation of Canon 29 and Canon 32 of the Canons of Professional Ethics, and also violates Rule XVIII(5)(a) of the Rules of Practice of this court.

Canon 29, entitled "Upholding the Honor of the Profession," reads, in part:

"" * * * He should strive at all times to uphold the honor and to maintain the dignity of the profession * * *.""

Canon 32, entitled "The Lawyer's Duty in Its Last Analysis," reads, in part:

"* * * He must also observe and advise his client to observe the statute law * * *."

Rule XVIII, entitled "Disciplinary Procedure," defines, in Section (5)(a), what actions constitute misconduct:

"Misconduct shall mean * * * any violation of the Canons of Professional Ethics * * *."

Any candor of respondent reflected in the facts set forth above comes too late, and the question which concerns us is the degree of discipline.

We recognize that in the past there has not been a consistent policy adhered to by this court in the discipline applied in cases of this nature. And we understand how the Board of Commissioners on Grievances and Discipline, in the light of certain precedents, arrived at its recommendation that a public reprimand be imposed as discipline.

However, we choose not to follow this recommendation under the facts reflected in the record in this proceeding. We are of the opinion that the time has come to establish and publicly announce a pattern of consistency in the imposition of discipline in cases of *wilful* failure by an attorney licensed to practice in Ohio to make an income tax return.

Respondent pleaded guilty to the crime of *wilfully* failing to make an income tax return for the year 1965. Charges involving similar offenses for three other years were dismissed in the United States District Court.

The law which respondent failed to respect affects many millions of persons in the United States. They are required to obey that law whether they like it or otherwise. Each of those persons is charged with knowledge of the existence of that law. There is nothing new about this federal requirment to file an income tax return because our country has had such laws following the adoption of the Sixteenth Amendment to the United States Constitution on February 25, 1913.

One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the law.

For the foregoing reasons this court is of the opinion that the acts committed by respondent warrant disciplinary measures more severe than a public reprimand. Consequently, we impose upon respondent the discipline of indefinite suspension from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, COLE, CORRIGAN, STERN and LEACH, JJ., concur.

COLE, J., of the Third Appellate District, sitting for DUNCAN, J. JUDGE COLE of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE COLE did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.