76

(D. D. No. 74-5—Decided December 11, 1974.)

*Mr. M. Andrew Ross* and *Mr. Noel S. Melvin*, for relator.

*Mr. Richard E. Wright*, for respondent.

*Per Curiam.* The record herein establishes that respondent knowingly and willfully failed to file federal income tax returns for 1965, 1966, 1967, 1968 and 1969. No charge was filed against him for 1965 because of a federal statute of limitations.

Respondent's gross income and tax liabilities for the years in question are: 1966—$48,649.81, $4,911.93; 1967—$25,365.56, $1,539.78; 1968—$30,206.96, $1,618.86; 1969—$23,212.55, $1,061.59.

Respondent states that, at the time of his defaults, he did not realize that a willful and knowing failure to file a

federal income tax return was a crime. From this it would follow that he was also unaware that the filing of a return without remitting the tax due gives rise to civil rather than criminal liability. He expresses the feeling that if the financial demands of his family and those of his government could not be simultaneously satisfied, his family came first and his tax deficiencies could be rectified at a later time.

The Board of Commissioners on Grievances and Discipline was impressed with respondent's sincere devotion to his family and with the forthright manner in which he accepted full responsibility for the course of action he chose to pursue. The board was also compassionately aware of the motivating circumstances which caused respondent to violate the law. Such considerations prompted the board to reduce the discipline recommended by the Professional Ethics Committee of The Columbus Bar Association—indefinite suspension—and to impose a public reprimand, the board finding that the instant case is distinguishable from this court's recent holding in *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, 278 N. E. 2d 670.

We do not believe that the case at bar is distinguishable from *Stein.* Furthermore, efforts to distinguish cases of this nature on other than clear-cut grounds serve only to prolong the uncertainty and anguish already besetting those under investigation.

Members of this court, past and present, have uniformly regarded the constitutional duty to discipline fellow lawyers as both a difficult and unpleasant one to perform. However, it also ranks among the most important obligations residing in the court. In the execution of this duty, the rule in *Stein* was formulated and announced. We will adhere to that rule, the primary hypostasis of which begins at page 80 of the *Stein* opinion:

"The law which respondent failed to respect affects many millions of persons in the United States. They are required to obey that law whether they like it or otherwise. Each of those persons is charged with knowledge of the

existence of that law. There is nothing new about this federal requirement to file an income tax return because our country has had such laws following the adoption of the Sixteenth Amendment to the United States Constitution on February 25, 1913.

"One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the law."

In view of all of the foregoing, the discipline imposed upon respondent is that of indefinite suspension from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.