OHIO STATE BAR ASSOCIATION *v.* TEKULVE.

[Cite as Ohio State Bar Assn. v. Tekulve (1975), 42 Ohio St. 2d 285.]

(D. D. No. 75-1—Decided May 14, 1975.)

*Mr. Francis D. DeFrancis, Mr. Albert L. Bell, Mr. John R. Welch* and *Mr. John L. Beckley*, for relator.

*Messrs. Cors. Hair & Hartsock* and *Mr. Louis J. Schneider, Jr.,* for respondent.

*Per Curiam.* In *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, 278 N. E. 2d 670, this court recognized the need for consistency in the imposition of discipline in cases of willful failure by an attorney to file an income tax return. We therefore rejected the recommendation of the Board of Commissioners on Grievances and Discipline that a public reprimand issue, and imposed the discipline of indefinite suspension, stating, at page 81:

"One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the law."

The rule announced in *Stein* was recently upheld in *Columbus Bar Assn.* v. *Dixon* (1974), 40 Ohio St. 2d 76, 320 N. E. 2d 293.

The case at bar is not distinguishable from *Stein* or *Dixon*. By willfully violating the law requiring the filing of income tax returns, respondent has acted in clear disregard of a law which millions of taxpayers obey yearly, and by his conduct has brought disrespect upon the legal profession.

For the foregoing reasons, the report of the Board of Commissioners on Grievances and Discipline is affirmed and respondent is indefinitely suspended from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.