THE BAR ASSOCIATION OF GREATER CLEVELAND *v.* KATES.

[Cite as Bar Assn. of Greater Cleveland v. Kates (1976), 46 Ohio St. 2d 34.]

(D. D. No. 75-12—Decided April 21, 1976.)

*Mr. Richard J. McGraw, Mr. Henry A. Hentemann* and *Mr. James M. Porter,* for relator.
*Mr. Nathaniel Kates,* for respondent.

*Per Curiam.* Respondent contends that his failure to file was not willful in that he was experiencing emotional trauma at the time. In the face of the conduct displayed on November 11, 1974, at the time he entered his plea of *nolo contendere,* and the explanation offered at the hearing, it is difficult to accept this as a valid argument. The

proceedings in this matter were not brought on the basis of respondent's condition at the time when the income tax returns should have been filed, but were brought as a direct and sole result of his plea in the federal district court. And, there is nothing in the record to indicate any incapacity, mental or otherwise, at the time of the plea. Unfortunately, the record actually discloses that the respondent was, at least, partially motivated at that time by private, plausible reasons.

This court has, within the year, decided two almost identical cases, in both instances confirming the recommendation of the board. We refer to *Ohio State Bar Assn.* v. *Tekulve* (1975), 42 Ohio St. 2d 285, and *Dayton Bar Assn.* v. *Radabaugh* (1975), 43 Ohio St. 2d 155. An inconsistent decision is not merited upon the facts in the instant case. The only item of difference in the three cases is the amount of income which, as already determined, is irrelevant.

In *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, the following appears at page 81:

"One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the law."

We accept the recommendation of the Board of Commissioners on Grievances and Discipline and indefinitely suspend the respondent from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

CORRIGAN, J., not participating.