DAYTON BAR ASSOCIATION *v.* WESTBROCK.

(D. D. No. 78-6—Decided November 8 ,1978.)

Mr. David M. Deutsch, for relator.
Mr. Gerald R. Westbrock, pro se.

*Per Curiam.* On February 7, 1978, relator, Dayton Bar Association, filed a complaint and certificate with the Board of Commissioners on Grievances and Discipline, pursuant to Gov. R. V., wherein relator charged respondent, Gerald R. Westbrock, a Dayton attorney, with violations of Canon 1 and DR 1-102(A)(4), (5) and (6) of the Code of Professional Responsibility.

At the hearing on the complaint, relator's evidence established that, on October 28, 1977, the United States Attorney filed a four-count criminal information in the United States District Court for the Southern District of Ohio, Western Division, which charged respondent with four violations of Section 7203, Title 26, U. S. Code, the willful failure to file an income tax return. Specifically, the information alleged that respondent had earned $14,391.94 in income for the calendar year 1971; $11,142.31 in 1972; $12,017.86 in 1973; and $19,742.13 in 1974; that respondent was aware of his obligation to file income tax returns; and that he willfully and knowingly failed to file said returns. The evidence further showed that respondent appeared before the federal district court and entered a plea of guilty to the fourth count of the information. Therefter, the remaining three counts against respondent were dismissed.

Respondent, who was present throughout the proceedings, declined to file an answer to the charges or to introduce evidence to refute or mitigate the allegations. Re-

spondent advised the board that he understood the charges fully and admitted his behavior.

On July 13, 1978, the Board of Commissioners on Grievances and Discipline found respondent's conduct violative of DR 1-102(A)(4), (5) and (6) of the Code of Professional Responsibility. Based upon its findings and the prior case authority of this court, the board recommended that respondent be suspended indefinitely from the practice of law.

Beginning with the case of *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, 278 N. E. 2d 670, this court established the rule that an attorney found guilty of the willful failure to file a federal income tax return would be indefinitely suspended from the practice of law.

The rationale for this policy, as it was discussed in *Stein, supra,* is worth repeating:

"One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the law." *Id.,* at page 81.

DR 1-102(A), states, *inter alia,* that a lawyer shall not:

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

This court concurs in the board's findings and recommendation, and respondent is therefore indefinitely suspended from the practice of law.

*Judgment accordingly.*