CINCINNATI BAR ASSOCIATION *v.* PANDILIDIS.

[Cite as Cincinnati Bar Assn. v. Pandilidis (1979), 57 Ohio St. 2d 47.]

(D. D. No. 78-10—Decided February 28, 1979.)

48

*Mr. Robert M. Bratton, Mr. William S. Wyler* and *Ms. Ann Tarbutton,* for relator.

*Messrs. Tobias & Kraus, Mr. Paul H. Tobias* and *Ms. Lynne Gellenbeck,* for respondent.

*Per Curiam.   Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, 278 N. E. 2d 670, established the rule that when a lawyer is convicted of the willful failure to file a

federal income tax return, and such a determination becomes final, the lawyer will be indefinitely suspended from the practice of law. This court stated, at page 80:

"We are of the opinion that the time has come to establish and publically announce a pattern of consistency in the imposition of discipline in [these] cases * * *."

In *Columbus Bar Assn.* v. *Dixon* (1974), 40 Ohio St. 2d 76, 77, 320 N. E. 2d 293, it is noted that "efforts to distinguish cases of this nature [from *Stein*] on other than clear-cut grounds serve only to prolong the uncertainty" of a respondent's plight.

It is our conclusion that the facts herein are not distinguishable from those in *Stein* and subsequent cases. See *Columbus Bar Assn.* v. *Dixon, supra*; *Ohio State Bar Assn.* v. *Tzagournis* (1976), 46 Ohio St. 2d 367, 348 N. E. 2d 690. In *Cincinnati Bar Assn.* v. *Beall* (1978), 54 Ohio St. 2d 168, 375 N. E. 2d 423, the respondent was charged with violating DR 1-102 of the Code of Professional Responsibility after his plea of *nolo contendere* to the charge of the willful failure to file a federal income tax return resulted in his federal conviction. Although respondent denied that his actions were motivated by an intent to deceive or defeat his tax responsibility, and he acknowledged that the government was informed of his liability by virtue of a partnership return filed by him, this court stated at page 170:

"The fact in this area of lawyer discipline found by this court to warrant indefinite suspension from the practice of law is a final federal determination, in a criminal case, that the respondent has been guilty of a *willful* failure to file a federal income tax return."

In view of the foregoing, respondent is indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, SWEENEY, PRYATEL and HOLMES, JJ., concur.

CONNORS, J., dissents.

CONNORS, J., of the Sixth Appellate District, sitting for P. BROWN, J.

PRYATEL, J., of the Eighth Appellate District, sitting for LOCHER, J.

CONNORS, J., dissenting. I respectfully dissent from the *per curiam* opinion, being mindful of this court's policy beginning with, and followed thereafter in, *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77.

The recommendation of this court's Board of Commissioners on Grievances and Discipline called for a public reprimand.

Heedful of this court's policy since *Stein*, I nevertheless feel that, in view of the findings of facts and the report and recommendation of the board of commissioners, a public reprimand would be sufficient discipline.