56

COLUMBUS BAR ASSOCIATION *v.* NEWSOM.

[Cite as Columbus Bar Assn. v. Newsom (1979), 59 Ohio St. 2d 56.]

(D. D. No. 79-5—Decided July 11, 1979.)

57

*Mr. R. Douglas Wrightsel, Mr. Donald H. Rathbun* and *Mr. Richard Letts,* for relator.

*Messrs. Tyack, Scott & Wiseman* and *Mr. Paul A Scott,* for respondent.

*Per Curiam.*

"One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in

58

the legal profession—because obedience to the law exemplifies respect for the law." *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, 81.

DR 1-102(A) warns, *inter alia,* that a lawyer shall not: "(1) Violate a Disciplinary Rule.

"\* \* \*

"(3) Engage in illegal conduct involving moral turpitude.

"(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

"\* \* \*

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

Counsel for respondent maintains that the circumstances herein do not reflect the typical attorney-client relationship and that there was control and compulsion exerted over respondent.

We are not persuaded by these contentions inasmuch as respondent's conduct constituted a crime involving moral turpitude and the signing of the fraudulent insurance claims were intentional affirmative acts.

Upon a review of the record in this cause, we find ample facts to justify the board's determination that respondent has violated the Code of Professional Responsibility. We concur in the recommendation of the board, and respondent is hereby suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.