OHIO STATE BAR ASSOCIATION *v.* STIMMEL.

[Cite as Ohio State Bar Assn. v. Stimmel (1980), 61 Ohio St. 2d 316.]

(D. D. No. 79-20—Decided March 19, 1980.)

Mr. Keith McNamara, Mr. William L. Burton, Mr. John R. Welch and Mr. Albert L. Bell, for relator.

Mr. H. Fred Hoefle and Mr. Burgess L. Doan, for respondent.

*Per Curiam.* It is the prevailing rule in this state that when an attorney is convicted of the *willful* failure to file a federal income tax return, and such determination becomes final, that attorney will be indefinitely suspended from the practice of law. *Cincinnati Bar Assn.* v. *Pandilidis* (1979), 57 Ohio St. 2d 47, 385 N.E. 2d 1317; *Dayton Bar Assn.* v. *Westbrock* (1978), 56 Ohio St. 2d 75, 381 N.E. 1320; *Cincinnati Bar Assn.* v. *Beall* (1978), 54 Ohio St. 2d 168, 375 N.E. 2d 423; *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, 278 N.E. 2d 670.

The imposition of indefinite suspension in this matter is challenged primarily upon the ground that relator failed to prove the "willfulness" of respondent's misconduct. The record demonstrates however that relator has submitted a certified copy of respondent's conviction for the willful failure to file a federal income tax return in violation of Section 7203, Title 26, U. S. Code, a conviction which is now final. Prior cases of this court have consistently indicated that this fact is sufficient to support a finding that the attorney involved has violated DR 1-102(A) of the Code of Professional Responsibility, thereby warranting that attorney's indefinite suspension from the practice of law in this state. *Cincinnati Bar Assn.* v. *Pandilidis, supra; Cincinnati Bar Assn.* v. *Beall, supra; Ohio State Bar Assn.* v. *Moore* (1976), 45 Ohio St. 2d 57, 341 N.E. 2d 302.

It is contended as an additional ground upon which this court should depart from the standard of discipline enunciated in *Cleveland Bar Assn.* v. *Stein, supra,* and its progeny, that the extenuating circumstances surrounding respondent's conviction distinguishes the instant matter from prior cases. In *Columbus Bar Assn.* v. *Dixon* (1974), 40 Ohio St. 2d 76, 77, 320

N.E. 2d 293, it is stated that "efforts to distinguish cases of this nature on other than clear-cut grounds serve only to prolong the uncertainty and anguish already besetting those under investigation."

Although we are not unmindful of the unfortunate circumstances which often accompany this area of discipline, including those in the cause *sub judice,* we are of the view that the fundamental principles of ethical conduct embodied in the Code of Professional Responsibility are best served by the discipline announced in *Stein, supra.* The rationale for that discipline bears repeating. *Cleveland Bar Assn.* v. *Stein, supra,* states, at page 81:

"One of the fundamental tenets of the professional responsibility of a lawyer is that he should maintain a degree of personal and professional integrity that meets the highest standard. The integrity of the profession can be maintained only if the conduct of the individual attorney is above reproach. He should refrain from any illegal conduct. Anything short of this lessens public confidence in the legal profession—because obedience to the law exemplifies respect for the law."

DR 1-102(A) admonishes, *inter alia:*

"A lawyer shall not:

"* * *

"(5) Engage in conduct that is prejudicial to the administration of justice.

"(6) Engage in any other conduct that adversely reflects on his fitness to practice law."

Upon examination of the record in this proceeding, we find that respondent has violated DR 1-102(A)(5) and (6) of the Code of Professional Responsibility and he is, therefore, indefinitely suspended from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., not participating.