132

COLUMBUS BAR ASSOCIATION *v.* DUNBAR.

(D.D. No. 80-6—Decided December 17, 1980.)

*Messrs. Fontana, Ward & Kaps* and *Mr. David S. Bloomfield,* for relator.

*Messerman & Messerman Co., L.P.A.,* and *Mr. Gerald A. Messerman,* for respondent.

*Per Curiam.* It is the prevailing rule in this state that when an attorney is convicted of the *willful* failure to file a federal income tax return, and such determination becomes final, that attorney will be indefinitely suspended from the practice of law. *Ohio State Bar Assn.* v. *Stimmel* (1980), 61 Ohio St. 2d 316; *Cincinnati Bar Assn.* v. *Pandilidis* (1979), 57 Ohio St. 2d 47; *Dayton Bar Assn.* v. *Westbrock* (1978), 56 Ohio St. 2d 75; *Cincinnati Bar Assn.* v. *Beall* (1978), 54 Ohio St. 2d 168; *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77.

The record here shows that respondent did plead guilty to a three-count information and was accordingly found guilty of violating Section 7203, Title 26, U. S. Code, a conviction which is now final. Respondent was suspended from the practice of law before the United States District Court for the Southern District of Ohio, Eastern Division, for failing to file income tax returns for three separate years.

Prior cases of this court, beginning with *Stein, supra,* have consistently held that the fact of conviction for willful failure to file income tax returns with the Internal Revenue Service is sufficient to support a finding that the attorney involved has violated DR 1-102(A) of the Code of Professional Responsibility, thereby warranting that attorney's indefinite suspension from the practice of law in this state. *Cincinnati*

*Bar Assn.* v. *Pandilidis, supra; Cincinnati Bar Assn.* v. *Beall, supra; Ohio State Bar Assn.* v. *Moore* (1976), 45 Ohio St. 2d 57.

In the recent case of *Ohio State Bar Assn.* v. *Stimmel, supra,* this court, at page 320, restated the rule that the discipline to be imposed in cases involving attorneys' willful failure to file income tax returns would continue to be indefinite suspension, in that "***the fundamental principles of ethical conduct embodied in the Code of Professional Responsibility are best served by the discipline announced in *Stein***.*"

There are no compelling circumstances here which would move this court to favorably consider an exception to the basic rule of the *Stein* case. The respondent here, unlike the respondent in *Stein,* has plead guilty to three counts, rather than one, of violating Section 7203, Title 26, U. S. Code, dealing with failure to file income tax returns. Here, there were three successive years in which respondent failed to file federal income tax returns.

Upon examination of the record in this proceeding, we find that respondent has violated DR 1-102(A)(1), (3), (4) and (6) of the Code of Professional Responsibility, and he is, therefore, indefinitely suspended from the practice of law in this state.

*Judgment accordingly.*

CELEBREZZE, C. J., W. BROWN, McBRIDE, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.

McBRIDE, J., of the Second Appellate District, sitting for P. BROWN.