COLUMBUS BAR ASSOCIATION *v.* WOLFE.
COLUMBUS BAR ASSOCIATION *v.* MCCLURE.

(D.D. Nos. 82-4 and 82-12—Decided May 12, 1982.)

56

*Mr. Joseph W. Schilder,* for relator in D.D. Nos. 82-4 and 82-12.

*Mr. Kenneth J. Spicer,* for relator in D.D. No. 82-12.

*Mr. Bradley Hummel,* for respondents Wolfe and McClure.

*Mr. Paul R. Gingher,* for respondent McClure.

*Per Curiam.* These cases share a common issue. Whether, in view of the changes in the manner of discipline under Section (6) of Gov. R. V, a one-year suspension penalty should be ordered in the case of an attorney who is convicted of willful failure to file federal income tax returns.

Since 1972, the rule in Ohio has been that an attorney who is convicted of the charge of willful failure to file income tax returns is indefinitely suspended from the practice of law. *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77; *Cincinnati Bar Assn.* v. *Beall* (1978), 54 Ohio St. 2d 168; *Dayton Bar Assn.* v. *Westbrock* (1978), 56 Ohio St. 2d 75; *Cincinnati Bar Assn.* v. *Pandilidis* (1979), 57 Ohio St. 47; *Ohio State Bar Assn.* v. *Stimmel* (1980), 61 Ohio St. 2d 316. However, at the time the above cases were decided, the only sanctions available to this court were public reprimand, indefinite suspension, or disbarment.

Now, in addition to the previously available sanctions, Section (6) of Gov. R. V, as amended in January 1981, permits the imposition of a one-year suspension from the practice of law as

an alternative disciplinary penalty. In view of this recent amendment, it is the opinion of this court that to impose an indefinite suspension on these respondents would be an unduly harsh sanction.

This result does not necessarily preclude a finding that in some instances an indefinite suspension would be in order. However, a suspension for a one-year period is a more appropriate penalty for willful failure to file federal income tax returns when the attorney's actions have in no way prejudiced their client's interests. Due to the many mitigating circumstances involved in the present cases, the respondents should be given the opportunity to resume their respective practices following a one-year suspension. Accordingly, it is the judgment of this court that respondents be suspended from the practice of law for a period of one year.

*Judgments accordingly.*

W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.

CELEBREZZE, C. J., not participating.