OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Whitten, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Cincinnati Bar Association v. Tekulve.
[Cite as Cincinnati Bar Assn. v. Tekulve (1993),      Ohio St.3d    .]
Attorneys at law -- Misconduct -- One-year suspension --
    Handling of an estate in probate court when not competent
    to handle it -- Failure to timely file a federal estate
    tax return -- Failing to file an Ohio Estate Tax Return --
    Failing to seek lawful objectives of client -- Failing to
    carry out contract of employment -- Causing prejudice or
    damage to client.
(No. 92-2167 -- Submitted January 6, 1993 -- Decided May 5, 1993.)

On Certified Report by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 91-31.

Relator, Cincinnati Bar Association, in a complaint filed August 19, 1991, charged respondent, Charles J. Tekulve of Cincinnati, Ohio, Attorney Registration No. 0007748, with two counts of misconduct in violation of, inter alia, the following provisions of the Code of Professional Responsibility: DR 6-101(A)(1) (handling a legal matter which he knows or should know he is not competent to handle); 6-101(A)(3) (neglecting a legal matter entrusted); 7-101(A)(1) (failing to seek the lawful objectives of client); 7-101(A)(2) (failing to carry out a contract of employment); and 7-101(A)(3) (causing prejudice or damage to client).

By answer filed September 11, 1991, respondent denied that he had engaged in willful misconduct and that his practice as to the timely filing of estate documents conformed to the custom and practice of attorneys in similar employment in Ohio.

Hearings were held on March 6, 1992 and April 24, 1992 before a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board"), at which testimony and exhibits were presented. The evidence showed, in part, that respondent's sister, Donna Seaman, was married to Willis Seaman, and that respondent had for many years performed legal services for the Seaman family. After Willis' uncle, John T. Bailey, died, respondent represented his estate. John Bailey's widow, Marguerite C. Bailey, was appointed executrix of John's

estate.  After Marguerite died on December 14, 1986, respondent represented her estate.  Willis was appointed Administrator W.W.A. of the Estate of John Bailey and Executor of the Estate of Marguerite C. Bailey.  In January 1988, respondent was paid $10,000 in attorney fees, without court approval, in John's estate.  On March 21, 1988, he filed an application for payment of attorney fees.  By agreement between Donna and respondent, and with the acquiescence of Willis, respondent was paid $92,500, which was intended to cover past legal services rendered to the Seaman family, future services to the Seaman family, and services rendered in the estates of John and Marguerite.  No application for attorney fees was filed.  The check for $92,500 was drawn on the personal account of Donna and Willis.

The application for the administration of Marguerite's estate was filed December 30, 1986.  An inventory was filed July 17, 1987, showing an asset value of $884,000. No court approval of the inventory was obtained by respondent and no accounts were filed by him as attorney for the estate.  The gross estate was valued at approximately $1,100,000.  In 1990, an IRS lien in excess of $200,000 was filed against the estate for unpaid taxes, including accrued interest and penalty. Donna Seaman was upset upon learning about the IRS lien and the fact that the estate had not been closed in four years. Subsequently, in November 1990, Willis hired a new attorney to handle the estate.  Respondent entered into a settlement agreement with Willis, individually, and as executor, which provided for respondent's payment of $150,000 to Willis in exchange for Willis' promise not to sue.

The evidence further showed that respondent failed to file a timely federal estate tax return in Marguerite's estate; did not file an Ohio Estate Tax Return; and arranged for Willis to hire an accountant to prepare and file the appropriate tax returns, but did not see to it that returns were filed in a timely manner, although respondent acknowledged his responsibility to do so.  Moreover, during the four years he represented Marguerite's estate, respondent did not file an account, nor did he obtain approval of the inventory.

Respondent, through his counsel, conceded that respondent had neglected the handling of a legal matter.  Respondent admitted that he had never handled an estate which required the filing of a federal estate tax return and he testified that if he had it to do over again he would have engaged an attorney to assist in the filing of the tax returns.

By entry of March 22, 1991, the Probate Court of Hamilton County, Ohio, ordered, inter alia, that respondent return $102,500, which was received by him during the course of his representation of the John Bailey and Marguerite Bailey estates, acknowledged that Willis and respondent had entered into a settlement and covenant not to sue dated March 20, 1991, and ordered the matter to be referred for disciplinary investigation.

The panel of the board found that respondent had been indefinitely suspended from the practice of law by the Supreme Court of Ohio on May 14, 1975 for failure to file income tax returns (Ohio State Bar Assn. v. Tekulve [1975], 42 Ohio St.2d 285,71 O.O.2d 259, 328 N.E.2d 405) and was reinstated on

October 14, 1983;  that his failure to timely file the federal estate tax return and to file the Ohio Estate Tax Return in Marguerite's estate resulted in prejudice and damage to the estate; and that certain legal work performed by respondent in Marguerite's estate had to be redone by substitute counsel.

The panel concluded that respondent had violated DR 6-101(A)(1); 6-101(A)(3); 7-101(A)(1), 7-101(A)(2), and 7-101(A)(3).  The panel recommended that respondent be suspended from the practice of law for one year.

The board adopted the findings of fact and conclusions of law of the panel and recommended that respondent be suspended from the practice of law in the state of Ohio for one year and that the costs of these proceedings be taxed to respondent.

Carolyn A. Taggart, W. Deems Clifton and Edwin W. Patterson III, for relator.

Mark H. Aultman, for respondent.

Per Curiam.  Upon review of the testimony and exhibits, we concur in the findings and recommendations of the board. Respondent is hereby suspended from the practice of law in Ohio for one year.  Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright,  Resnick, F.E. Sweeney and Pfeifer, JJ., concur.