OFFICE OF DISCIPLINARY COUNSEL *v.* DUKAT.

[Cite as *Disciplinary Counsel v. Dukat* (1997), 79 Ohio St.3d 189.]

(No. 96–2781—Submitted May 6, 1997—Decided July 16, 1997.)

*Geoffrey Stern,* Disciplinary Counsel, and *Sally Ann Steuk,* Assistant Disciplinary Counsel, for relator.

*James C. Dukat, pro se.*

*Per Curiam.* A lawyer is prohibited by the Disciplinary Rules from participating in fraudulent or dishonest schemes. Respondent's conduct involved, at least, the tacit approval of a scheme concocted by a company's financial officer to file a false payroll report in order to minimize the amount of workers' compensation premium that the company was required to pay.

In this case, respondent may have thought that Lumbermen's would soon be replaced as insurance carrier and that the deposit forfeited by Valley Systems to the insurer would approximately cover the premium payment shortfall. Nonetheless, the fact is that respondent participated in a fraudulent scheme.

In mitigation we note that respondent did not partake in the mechanics of, supervise, or profit from the fraud. Nor was the fraud a part of a pattern of designed deceit. Respondent's conduct was not the equivalent of the pattern of submission of false workers' compensation claims which warranted an indefinite suspension in *Greater Cleveland Bar Assn. v. Cassaro* (1980), 61 Ohio St.2d 62, 15 O.O.3d 109, 399 N.E.2d 545. Nor was respondent's tangential involvement in the submission of the false report as direct as that in *Columbus Bar Assn. v. Newsom* (1979), 59 Ohio St.2d 56, 13 O.O.3d 39, 391 N.E.2d 741, where an attorney's submission of false insurance claims on his own behalf also warranted an indefinite suspension. We further note in mitigation that Valley Systems repaid Lumbermen's for the shortfall.

We adopt the findings and conclusions of the board. Respondent did violate the above-mentioned Disciplinary Rules. We adopt also the board's recommendation that respondent's suspension from the practice of law in Ohio be coextensive with the probationary period he is currently serving for his federal felony conviction and that the suspension end on the date that sentence ends. Respondent is therefore suspended from the practice of law until March 28, 1998. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.