**[This opinion has been published in *Ohio Official Reports* at 79 Ohio St.3d 189.]**

OFFICE OF DISCIPLINARY COUNSEL *v.* DUKAT.

**[Cite as *Disciplinary Counsel v. Dukat*, 1997-Ohio-167.]**

*Attorneys at law–Misconduct–Eighteen-month suspension to end March 28, 1998–Conviction for mail fraud.*

(No. 96-2781–Submitted May 6, 1997–Decided July 16,1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-46.

———————————

{¶ 1} In January 1992, James C. Dukat of Ashland, Ohio, Attorney Registration No. 0010176 ("respondent"), was General Counsel for Valley Systems, Inc. Sometime that month, while walking through the corporate offices, he encountered Valley Systems' chief financial officer, Nick Pace. Pace told respondent that because Valley Systems currently did not have the cash available, he wanted to underreport the Valley Systems payroll to Lumbermen's Mutual Casualty Company ("Lumbermens") in Texas in order to pay a lower Texas workers' compensation premium. Respondent, who had been working to replace Lumbermen's as Valley Systems' insurance carrier effective April 1992, in order to save $750,000 to $1 million in annual premiums, explained to Pace that Valley Systems had $313,000 on deposit with Lumbermen's in Texas. If the payroll were underreported, the audit upon termination of Lumbermen's as Valley Systems' insurance carrier would result in a loss of the deposit or Valley Systems would have to pay more money. At that point, Pace, with respondent's tacit agreement, decided to underpay the premium.

{¶ 2} Pace thereupon prepared the payroll report and filed it. Respondent did not prepare or sign the report, sign the checks, or transmit the report to Lumbermen's. In September 1992, respondent discovered that Pace was falsifying

Valley Systems' books to show a $2 million profit when there was actually a $2 million loss. At that time respondent found that Pace not only had understated expenses and overstated income, but he also had not accrued funds for the January 1992 underpayment to Lumbermen's, which was approximately $319,000.

{¶ 3} The Securities and Exchange Commission began an investigation of Valley Systems in the fall of 1992, and respondent cooperated in informing the agency of the underpayment to Lumbermen's and in providing testimony regarding Pace's illegal activities. Subsequently the United States Attorney brought a mail fraud charge against respondent to which respondent pled guilty. Lumbermen's claim against Valley Systems was paid.

{¶ 4} On March 29, 1996, respondent was sentenced to two years' probation, and on May 30, 1996, pursuant to Gov.Bar R. V(5)(A)(2), we suspended respondent from the practice of law for an interim period. On June 13, 1996, relator, Office of Disciplinary Counsel of the Supreme Court, filed a complaint charging that respondent's actions violated several Disciplinary Rules.

{¶ 5} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") heard the matter, including evidence in mitigation, and concluded that respondent had violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and 1-102(A)(6) (engaging in conduct that adversely reflects on the attorney's fitness to practice law). Based on the fact that Lumbermen's recovered all the unpaid premium, the panel recommended that respondent be suspended from the practice of law for eighteen months, a period coterminous with his federal probation. The board adopted the findings, conclusions, and recommendation of the panel.

---

*Geoffrey Stern*, Disciplinary Counsel, and *Sally Ann Steuk*, Assistant Disciplinary Counsel, for relator.

*James C. Dukat, pro se.*

_____

***Per Curiam.***

{¶ 6} A lawyer is prohibited by the Disciplinary Rules from participating in fraudulent or dishonest schemes. Respondent's conduct involved, at least, the tacit approval of a scheme concocted by a company's financial officer to file a false payroll report in order to minimize the amount of workers' compensation premium that the company was required to pay.

{¶ 7} In this case, respondent may have thought that Lumbermen's would soon be replaced as insurance carrier and that the deposit forfeited by Valley Systems to the insurer would approximately cover the premium payment shortfall. Nonetheless, the fact is that respondent participated in a fraudulent scheme.

{¶ 8} In mitigation we note that respondent did not partake in the mechanics of, supervise, or profit from the fraud. Nor was the fraud a part of a pattern of designed deceit. Respondent's conduct was not the equivalent of the pattern of submission of false workers' compensation claims which warranted an indefinite suspension in *Greater Cleveland Bar Assn. v. Cassaro* (1980), 61 Ohio St.2d 62, 15 O.O.3d 109, 399 N.E.2d 545. Nor was respondent's tangential involvement in the submission of the false report as direct as that in *Columbus Bar Assn. v. Newsom* (1979), 59 Ohio St.2d 56, 13 O.O.3d 39, 391 N.E.2d 741, where an attorney's submission of false insurance claims on his own behalf also warranted an indefinite suspension. We further note in mitigation that Valley Systems repaid Lumbermen's for the shortfall.

{¶ 9} We adopt the findings and conclusions of the board. Respondent did violate the above-mentioned Disciplinary Rules. We adopt also the board's recommendation that respondent's suspension from the practice of law in Ohio be coextensive with the probationary period he is currently serving for his federal felony conviction and that the suspension end on the date that sentence ends.

Respondent is therefore suspended from the practice of law until March 28, 1998. Costs taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――――