COLUMBUS BAR ASSOCIATION *v.* KING.

COLUMBUS BAR ASSOCIATION *v.* POPE.

[Cite as *Columbus Bar Assn. v. King* (1998), 84 Ohio St.3d 174.]

(Nos. 98–423 and 98–424—Submitted June 24, 1998—Decided December 9, 1998.)

*Vorys, Sater, Seymour & Pease, Julia A. Davis* and *Ivery D. Foreman*; and *Bruce A. Campbell,* for relator.

*Chester, Willcox & Saxbe, L.L.P.,* and *J. Craig Wright,* for respondent King.

*Samuel Pope, pro se.*

***Per Curiam.*** We have reviewed the record and adopt the findings and conclusions of the board. However, we disagree with the board's recommenda-

tions. We suspend King for one-year and stay the suspension on condition that, during the probation period, he work with a mentor appointed by relator. We suspend Pope for six months and stay the suspension. Costs taxed to respondents.

*Judgment accordingly.*

DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

LUNDBERG STRATTON, J., concurs as to Pope but dissents as to King and joins the Chief Justice's dissent only as to King.

MOYER, C.J., and COOK, J., dissent.

---

**MOYER, C.J., dissenting.** I respectfully dissent from the majority's decision to impose a one-year suspension on King, and a six-month suspension on Pope, with both sanctions stayed. The behavior of respondents King and Pope was of such a nature that an actual suspension is warranted in both cases.

The evidence clearly supports the finding of the Board of Commissioners on Grievances and Discipline of the Supreme Court that King and Pope were in violation of DR 1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). King and Pope conspired in a scheme to knowingly misrepresent Pope's identity in order to induce an adverse party into making a defamatory statement that could be the basis of additional claims by King's client. Pope deliberately misrepresented his identity to employees of University Area Rentals with the knowledge, acquiescence, and participation of King. The scheme involved clear and knowing misrepresentations, and therefore constitutes a violation of DR 1–102(A)(4).

In *Disciplinary Counsel v. Fowerbaugh* (1995), 74 Ohio St.3d 187, 190, 658 N.E.2d 237, 240, we said that "[w]hen an attorney engages in a course of conduct resulting in a finding that the attorney has violated DR 1–102(A)(4), the attorney will be actually suspended from the practice of law for an appropriate period of time."

I agree with the board's finding and with the majority's holding that King and Pope violated the Code of Professional Responsibility. However, a stronger sanction than a totally stayed suspension is warranted. A lawyer is expected to maintain a "degree of personal and professional integrity that meets the highest standard." *Cleveland Bar Assn. v. Stein* (1972), 29 Ohio St.2d 77, 81, 58 O.O.2d

151, 153, 278 N.E.2d 670, 673. King and Pope have failed to operate in accordance with that standard.

Harsh sanctions await attorneys who fail to fully cooperate with disciplinary investigations or fail to exhibit any sense of remorse. See, *e.g.*, *Dayton Bar Assn. v. Stinchfield* (1981), 65 Ohio St.2d 130, 19 O.O.3d 319, 418 N.E.2d 1366 (An indefinite suspension was warranted for an attorney who failed to take timely action on behalf of several clients and failed to cooperate with the bar association in an ensuing investigation.). In *Mahoning Cty. Bar Assn. v. Strobel* (1993), 66 Ohio St.3d 106, 609 N.E.2d 535, this court affirmed the board's recommendation of Strobel's permanent disbarment from the practice of law in Ohio. In making its recommendation, the board found it significant that Strobel's testimony to the board was difficult to accept as the truth, and that Strobel "lacked remorse and demonstrated no acceptance of responsibility." *Strobel* at 109, 609 N.E.2d at 537. The board also noted that Strobel had been disciplined in the past.

King and Pope were less than fully cooperative during the investigation of this matter. According to the board, "[a]lthough [the respondents] answered the complaint and gave depositions, they actually did not state much concrete evidence. When asked questions, [both attorneys] always avoided the question and went into oratorical statements. This is especially true of respondent King, who is a philosophical orator."

King in his objections to the board's report has accused the board of *"unreasonable, unlawful, disgusting, morally repugnant and shameful* bias." (Emphasis *sic.*) Similarly, Pope concluded that the board's report "brings into question the Boards [*sic* ] independent professionalism as a trier of fact and officer of the Court." It was not until the oral argument in their cases that King and Pope showed any remorse for their actions or any level of respect for the integrity of the board.

Further, it is significant, as to King, that he has demonstrated unacceptable behavior in the past. There have been at least four grievances filed with the Columbus Bar Association against him, and he has been sanctioned by two judges.

Failure to fully cooperate with a disciplinary investigation, failure to display a proper level of respect for the board, and failure to express any remorse for one's actions, especially when added to a history of prior disciplinary complaints and sanctions, have all been cited as aggravating factors in determining the appropriate level of punishment. Since all of these factors are present in this case, King and Pope's actions and responses warrant a harsher penalty than the majority has imposed.

I would, therefore, impose a one-year suspension from the practice of law in Ohio, with six months' actual suspension and six months stayed.

COOK, J., concurs in the foregoing dissenting opinion.