[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 93.]

COLUMBUS BAR ASSOCIATION *v*. KING.

[Cite as *Columbus Bar Assn. v. King*, 2002-Ohio-1945.]

*Attorneys at law—Misconduct—One-year suspension with credit for time served—Failing to fulfill purpose of mentorship imposed at previous disciplinary proceeding—Engaging in conduct indicating inability to function as a professional lawyer in a courtroom or afford clients adequate representation—Failure to pay costs imposed at previous disciplinary proceeding.*

(No. 98-423—Submitted January 8, 2002—Decided April 24, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-115.

_____

***Per Curiam.***

{¶ 1} In December 1998, for conduct in January 1996, we suspended Christopher King, now of Dallas, Texas, Attorney Registration No. 0062199, from the practice of law in Ohio for one year, but stayed the suspension on the condition that during that year he be placed on probation and work with a mentor appointed by the relator, Columbus Bar Association. *Columbus Bar Assn. v. King* (1998), 84 Ohio St.3d 174, 702 N.E.2d 862. We also imposed costs of that proceeding on respondent.

{¶ 2} On February 19, 1999, relator appointed Guy L. Reese II, a former Franklin County Municipal Court Judge and a former Franklin County Common Pleas Court Judge, to be respondent's mentor. Based upon the mentor's report to the relator and respondent's failure to make the payment ordered in our December 1998 order, relator requested on September 13, 2000, that respondent's probation be revoked, that his stayed suspension be reinstated, and that respondent be held in

contempt. Respondent opposed this request, and the matter was heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court.

{¶ 3} At a hearing on June 6, 2001, the panel considered testimony, exhibits, and stipulations. It received evidence that on January 9, 1998, Judge David Cain of the Franklin County Court of Common Pleas imposed a Civ.R. 11 sanction on respondent in the amount of $5,000 to be paid in thirty days for frivolous behavior in continuing to pursue an action despite his client's own acknowledgement that she had no claim. Respondent did not appeal the order or pay the sanction. Instead, he wrote a letter to the judge and filed suit against him. The panel received evidence that on September 9, 1998, Judge Edmund A. Sargus, Jr., of the United States District Court for the Southern District of Ohio fined respondent $1,500 in attorney fees and $1,311.73 in costs for his conduct in *Lampley v. Vagnier* (1998), No. C2-96-337. Respondent did not appeal this sanction or two others in the same case that totaled $5,139, nor did he pay them, except for possibly $300 of the attorney fees. On February 28, 2000, Judge Sargus ordered respondent to appear and show cause why he should not be held in contempt for failure to pay the sanctions.

{¶ 4} The panel also received evidence that on February 11, 1999, Judge Algenon L. Marbley of the United States District Court for the Southern District of Ohio held respondent in contempt for the manner in which he comported himself in *Belcher v. Ohio Dept. Human Serv.,* (S.D.Ohio 1999), 48 F.Supp.3d 729, and ordered him to complete a six-week preceptorship with Professor Shirley Mays of the Capital University Law School. Respondent did not at any time comply with the requirements of the preceptorship.

{¶ 5} The panel received further evidence that on July 7, 1999, Visiting Judge John Martin of the Franklin County Common Pleas Court held respondent in contempt and granted a mistrial due to respondent's conduct in *Smith v.*

*Professional Cellular Serv., Inc.*, No. 95CVH-12-8949, and ordered him to pay attorney fees and court costs. Respondent instead filed a complaint against Judge Martin.

{¶ 6} In addition, the panel received evidence that respondent informed his monitor, Judge Reese, that additional sanctions had been imposed against him of $1,852.50 by Judge David Cain in *Oglesby v. Columbus*, Franklin C.P. No. 97-CVC-03-3823, of $2,077.59 by Judge Nodine Miller of the Franklin County Common Pleas Court in *Hamm v. Gahanna City Council*, No. 95CVF085484, of $200 by Judge Cain in *Michael v. Whitehall*, No. 97CVC012333, and of $1,000 by Judge James L. Graham of the United States District Court for the Southern District of Ohio in *Archer v. Roman,* No. C-2-95-1187.

{¶ 7} On the basis of this evidence the panel found that respondent had not fulfilled the purpose of his mentorship and that his conduct indicated that he could neither function as a professional lawyer in a courtroom nor afford his clients adequate representation.

{¶ 8} In addition, the panel further found that respondent had not paid the costs imposed in our December 1998 order. The panel recommended that respondent's probation be terminated and that his suspension from the practice of law be reinstated.

{¶ 9} We have reviewed the record and adopt the findings of the panel. It is clear from the numerous sanctions that respondent received during his term of probation for his conduct in several courts, sanctions that remain unpaid, that the mentor's report is credible. Further, in three years respondent has not paid the costs we imposed in December 1998, costs that we ordered paid within ninety days.

{¶ 10} We have already revoked respondent's probation and reinstated his suspension on October 4, 2001, "pending entry of a final order by this court." 93 Ohio St.3d 1438, 755 N.E.2d 901. Respondent is hereby suspended from the practice of law for one year with credit for time served. Respondent is further

ordered to pay the costs of the original proceeding in the amount of $1,363.71 plus interest of ten percent from March 8, 1999 until paid. Respondent shall further pay the costs of these proceedings.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*Julia A. Davis, Bradley N. Frick* and *Anthony M. Roseboro*, for relator.

*Christopher King, pro se.*

_____