TOLEDO BAR ASSOCIATION *v.* LICHOTA ET AL.

[Cite as Toledo Bar Assn. v. Lichota, 15 Ohio St. 2d 217.]

(D. D. No. 85—Decided July 17, 1968.)

218

*Mr. Charles E. Ide, Jr.*, and *Mr. Howard H. Jacobson*, for relator.

*Mr. Carl A. Mintz*, for respondent.

*Per Curiam.* Under Section 5 (a) of Rule XVIII of the Rules of Practice, misconduct includes "* * * any violation of the Canons of Professional Ethics * * *" and "* * * conviction of a crime involving moral turpitude * * *." The crime of "having devised and intended to devise a scheme and artifice to defraud and for obtaining money by false and fraudulent pretenses, representations, and promises, and knowingly conspired to cause the mails to be used for the purpose of executing said scheme to defraud" is, as a matter of law, a crime involving moral turpitude and constitutes misconduct under Section 5 (a)

of Rule XVIII. *In re Jacoby* (1943), 74 Ohio App. 147.

The Board received in evidence certified copies of the judgments of the Federal District Court, which established the fact of respondents' convictions. This was sufficient proof of misconduct in this case. There may be cases in which it will be unclear whether moral turpitude is inherent in the act defined as a crime so that it will be necessary to inquire into the precise conduct of a particular respondent. However, this is not such a case.

Additional evidence was presented by the relator to the board to illustrate the conduct leading to the conviction, and to prove additional misconduct. The evidence was properly received in both areas to support the board's recommendation of discipline and its finding of further violations of the canons.

There is nothing in the record which supports contentions before this court that respondents acted separately and without consultation in certain of the transactions in question, and that the misconduct, if any, of one may not be imputed to the other. To the contrary, the record reveals a conspiracy which relied on close co-ordination of respondents' activities for its success.

The record supports a finding that respondents violated the Canons of Professional Ethics in that they did not "* * * disclose to the client all the circumstances of his [their] relations to the parties * * *" and that they did "* * * represent conflicting interests * * *" without "* * * express consent of all concerned given after a full disclosure of the facts * * *" (Canon 6); they did not "* * * strive at all times to uphold the honor and to maintain the dignity of the profession * * *" (Canon 29); they failed "* * * to observe the statute law * * *" and failed to conduct themselves as honest persons (Canon 32); and they used fictitious names on the letterhead of a nonexistent law firm for business purposes (Canon 33).

This court is not yet ready to say that indefinite suspension or permanent disbarment follows automatically upon a showing that an attorney has been convicted of a crime involving moral turpitude. In a proper case, a repri-

mand might be sufficient to protect the public and the profession. Where, as here, respondents not only were convicted of a crime involving moral turpitude but were also guilty of several substantial violations of the Canons of Professional Ethics, respondents' repeated contention that clients and customers received value for their money can not excuse the extensive misrepresentations made by respondents in violation of their professional duty.

Therefore, on the record before us, we cannot say that the recommendation of the Board of Commissioners that respondents be permanently disbarred from the practice of law is unduly harsh or unreasonable.

*Report confirmed and judgment accordingly.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.

SCHNEIDER, J., is of the opinion that a suspension from the practice of law for an indefinite period is a sufficient sanction in this case.