CINCINNATI BAR ASSOCIATION *v.* BOWMAN.

[Cite as Cincinnati Bar Assn. v. Bowman, 15 Ohio St. 2d 220.]

(D. D. No. 89—Decided July 17, 1968.)

*Mr. Powell McHenry* and *Mr. Walter Bortz* for relator.
*Mr. Richard H. Pennington* and *Mr. Thomas A. Zins,*
for respondent.

*Per Curiam.* In his objections, brief and oral argument before this court, respondent has argued steadfastly that the record does not show acts meriting the *punishment* he thinks the board has recommended for him. The aims of lawyer discipline are, first and foremost, protection of the public, and secondarily, but not unimportantly as this case shows, protection of the legal profession. The fact that respondent may be penalized by this court's administration of discipline in his case is incidental to the protection of the legal profession and the public.

This court may take judicial notice of the fact that a defendant in a federal tax criminal case where the amount of tax or penalty due is still disputed may plead *nolo con-*

*tendere* so that his conviction will not be *res judicata* of his tax liability. Much has been written and argued on both sides of the question whether a plea of *nolo contendere* admits the well-pleaded facts in the indictment, but that is beside the point. Respondent was convicted, upon his plea of *nolo contendere* but convicted nonetheless, of tax evasion.

Conviction of the offense of wilfully and knowingly attempting to evade income tax due by causing to be filed a false and fraudulent income tax return is conviction of a crime involving moral turpitude. Respondent's contention that this court may consider only the words of Section 7201, Title 26, U. S. Code: "* * * wilfully attempts in any manner to evade or defeat any tax * * *," and not the recital of the conviction that he evaded tax by filing three false and fraudulent returns, is without merit. The conviction is relevant to the issue involved here, and a certified copy of the convicition is properly in evidence. The filing of a false and fraudulent tax return by an attorney, an officer of this court, is an act involving moral turpitude.

The finding of the board that relator did not present evidence showing violation of Canons 29 and 32 is supported by the record. There is a large area of overlap between the Canons of Professional Ethics and the conviction of a crime involving moral turpitude. Here, the record discloses that respondent's misconduct consisted entirely of being convicted of three counts of a crime involving moral turpitude. The newspaper clipping and stipulation introduced at the hearing are relevant to the issue of respondent's misconduct to the extent that they show that respondent's conviction tended to bring the legal profession into disrepute. However, they are not sufficient to establish misconduct as a separate issue.

There will be cases, like *Toledo Bar Association* v. *Lichota*, 15 Ohio St. 2d 217, where the conviction was only part of the misconduct. In *Lichota,* the record disclosed, in addition to the federal conviction for mail fraud, four violations of the canons and thus supported a recommendation of permanent disbarment.

In determining the degree of discipline appropriate in this case, we must consider the fact that respondent was convicted of evading tax by filing false returns in three successive years. Conviction of three crimes involving moral turpitude is far more serious misconduct than conviction of one such crime. In such an instance, respondent should show any facts that would justify a lesser degree of discipline than that here recommended. A parade of character witnesses, however distinguished, will ordinarily not suffice.

Respondent, who has a weak heart, urges that he pleaded *nolo contendere* because the rigors of defending a criminal case might have brought on a fatal attack. Although there is evidence in the record to show that respondent's standing in the community will not be affected by his failure to defend his honor at the possible risk of his life, this court has a duty to prevent respondent's misconduct from reflecting dishonor upon the legal profession.

The finding of the board that respondent is guilty of misconduct because he was convicted of a crime involving moral turpitude is supported by the record, and the fact that respondent was convicted of three counts justifies the severity of the recommended discipline.

*Report confirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.