Cleveland Bar Association *v.* Zimmerman.

(D. D. No. 102—Decided March 11, 1970.)

*Mr. Ron Tonidandel, Mr. William Falsgraf* and *Mr. Thomas J. Miller,* for relator.

*Mr. Gerald A. Messerman,* for respondent.

*Per Curiam.* Rule XVIII, 5(a), of the Rules of Practice of the Supreme Court, defines "misconduct" as including "the commission *or* conviction of a crime involving moral turpitude." (Emphasis added.)

Respondent concedes that the crimes for which he was convicted are crimes "involving moral turpitude," within the meaning of those words as used in Rule XVIII, 5(a). Respondent apparently recognizes that he should therefore be disciplined by this court for such misconduct.

He argues, however, that the record in the criminal case and the other evidence presented to us do not show that respondent knew that Gold was embezzling from and defrauding Cosmopolitan Small Business Investment Corporation. However, such knowledge was a necessary element of the crimes of which the federal court found him guilty.

Hence, the majority of this court is of the opinion that the respondent should at least be suspended from the practice of the law for an indefinite period.

The respondent's objections to the report and recommendation of the Board of Commissioners on Grievances and Discipline are overruled and respondent is suspended from the practice of law for an indefinite period.

*Judgment accordingly.*

TAFT, C. J., LEACH, O'NEILL, HERBERT and CORRIGAN, JJ., concur.

SCHNEIDER and DUNCAN, JJ., concur in part.

LEACH, J., of the Tenth Appellate District, sitting for MATTHIAS, J.

SCHNEIDER and DUNCAN, JJ., concur in the first two paragraphs of the *Per Curiam* opinion.

However, we have searched the record without avail for any evidence from which a reasonable inference may be drawn that, as the majority puts it, respondent "knew that Gold was embezzling from and defrauding Cosmopolitan Small Business Investment Corp." We recognize further that such knowledge must be presumed to have been found by the federal district court which found respondent guilty.

Admittedly, we do not sit to review that conviction but are, however, charged with the duty to review independently the record for the degree of culpability in assessing discipline for the breach of our canons. See *Toledo Bar Assn.* v. *Lichota*, 15 Ohio St. 2d 217.

Our conclusion is, notwithstanding the judgment of the federal district court, that respondent was guilty of no more than a failure to exercise that care which is to be expected of a reasonably prudent attorney at law and, therefore, his discipline should be limited to a public reprimand.