CINCINNATI BAR ASSOCIATION *v.* KLATCH.

(D. D. No. 70-7—Decided March 17, 1971.)

*Mr. Walter Bortz* and *Mr. Charles D. Heile,* for relator.

*Mr. Bernard J. Klatch, in propria persona.*

*Per Curiam.* The question presented herein is whether the actions of respondent constituted a violation of Canon 29 of the Canons of Professional Ethics, providing that a lawyer ''should strive at all times to uphold the honor and to maintain the dignity of the profession and to improve not only the law but the administration of justice,'' and of Rule XVIII(5) (A) of the Rules of Practice of this court, which defines ''misconduct'' as including ''the commission or conviction of a crime involving moral turpitude.''

Respondent's convictions for receiving stolen property and conversion of personal property as a bailee clearly constitute convictions of crimes involving moral turpitude. Rule XVIII(5) (A) is not limited to such crimes committed in one's capacity as an attorney, but includes all such convictions. Further, such conduct when brought to the attention of the public would of necessity tarnish the honor and dignity of the legal profession.

As to the usurious second mortgage transaction, although no criminal penalty exists for the violation of the Ohio usury laws, such conduct does not comport with the standards required of all who possess a license to practice law in this state. The use by respondent of stationary designating himself as an attorney at law, in his attempt to collect on the usurious loan, was an act serving to demean the honor and dignity of the legal profession.

When respondent was convicted of failure to comply

244

with certain building orders, and thereafter press accounts identified him as an attorney sentenced to the workhouse, such conduct also could only serve to degrade the honor and dignity of that profession.

Even though none of the charges against respondent arose directly from the practice of law, when viewed in cumulative perspective, they downgrade the honor and dignity of the legal profession, and undermine the respect for such profession which is essential to the administration of justice.

For the reasons heretofore stated, we conclude that respondent's convictions for receiving stolen property and for conversion of personal property constituted violations of Rule XVIII(5) (A), and that the cumulative conduct of respondent described herein constituted a violation of Canon 29.

Therefore, the report of the board is confirmed and the respondent is suspended from the practice of law for an indefinite period.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.