Cleveland Bar Association *v*. Corrigan.

(D. D. No. 70-8—Decided March 24, 1971.)

292

Mr. *Arthur T. Wincek*, Mr. *John E. Martindale* and Mr. *Sheldon D. Schecter*, for relator.
Mr. *John J. Gill*, for respondent.

*Per Curiam.* In searching the entire record *de novo*, it is clear that respondent was convicted of larceny by trick. This is a crime involving moral turpitude.

We find further that respondent cashed the Watkins claim drafts without accounting to his clients for their funds, and that respondent withheld such funds from the Watkins for over a year. The record does not show that these clients have ever received the money to which they are entitled.

We also find that respondent failed to promptly account for funds belonging to his client, Mrs. Helen Pryor, administratrix; that only after considerable urgings by Mrs. Pryor and attorney Mahoney, did respondent make such accounting; and that respondent falsely informed his client that he had paid $22,500 for the children to attorney Mahoney.

With respect to respondent's actions in the Probate Court of Ashtabula County, we find that respondent consistently disregarded the court's requests to appear and discuss the respondent's nonpayment of funds to attorney Mahoney; that respondent twice delivered worthless checks to the Probate Court; and that respondent falsely stated to the Probate Court that he had paid the Lazelles their portion of the claim draft which respondent presented in partial settlement of an unrelated matter in that court.

Respondent's behavior clearly constitutes professional misconduct in that he was convicted of a crime involving moral turpitude and violated his oath of office, which requires an attorney, *inter alia*, to "maintain the respect due to courts of justice and judicial officers," and never "seek to mislead the judge * * * by any artifice or false statement of fact * * *." Equally clear is the fact that respondent's conduct before the Probate Court of Ashtabula County was not characterized by the candor and fairness envisaged and required by Canon 22 of the Canons of Professional Ethics. Moreover, respondent has abused the confidence reposed in him by his clients, failed to promptly report and account for client's funds coming into

his possession, commingled money of his own, and used that money for his own purposes. Respondent has violated Canon 11 of the Canons of Professional Ethics.*

We have considered respondent's contentions and find no facts in mitigation or justification of his actions.

The recommendation of the Board of Commissioners on Grievances and Discipline is well taken, and judgment is hereby rendered permanently disbarring respondent from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., SCHNEIDER, HERBERT, DUNCAN, CORRIGAN, STERN and LEACH, JJ., concur.

---

*Effective October 5, 1970, this court adopted the Code of Professional Responsibility. With reference to the provisions of Canon 22, see Cano 7, DR 7-102(A) (5), DR 7-106(C) (6). With reference to the provisions of Canon 11, see Canon 9, DR 9-102(B) (3), DR 9-102(B) (4).