DAYTON BAR ASSOCIATION *v.* CARTER.

(D. D. No. 74-7—Decided November 20, 1974.)

*Messrs. Estabrook, Finn & McKee* and *Mr. Robert P. Bartlett, Jr.*, for relator.
*Mr. James T. Lynn, Jr.*, for respondent.

*Per Curiam.* Respondent's basic contention is that, inasmuch as he pleaded not guilty to filing three false and fraudulent income tax returns and that the government's case against him was based largely upon a computation of his net worth before and after the taxable periods, moral turpitude was not involved in the crimes for which he was convicted, within the purview of Gov. R. V(5)(a), and that he did not engage in conduct involving dishonesty, fraud, deceit, misrepresentation, or moral turpitude, within the purview of Canon 1, DR 1-102(A)(3) and (4).

In support of that proposition, respondent cites *In re Hallinan* (1954), 43 Cal. 2d 243, 272 P. 2d 768, wherein the California Supreme Court determined that the conviction,

*per se*, for willfully and knowingly filing a false and fraudulent income tax return was not conclusive proof of the commission of an act involving moral turpitude.

Respondent's reliance on *Hallinan* is misplaced. In this state, an attorney is guilty of misconduct when he *commits or is convicted of* a crime involving moral turpitude. Gov. R. V(5)(a), *supra*. In *Cincinnati Bar Assn.* v. *Bowman* (1968), 15 Ohio St. 2d 220, this court specifically held, at page 222, that:

"Conviction of the offense of wilfully and knowingly attempting to evade income tax due by causing to be filed a false and fraudulent income tax return is conviction of a crime involving moral turpitude."

Accordingly, we confirm the board's finding that respondent is guilty of misconduct as defined in Gov. R. V(5)(a), *supra*.

This court held further in *Bowman, supra*, at 222, that: "The filing of a false and fraudulent tax return by an attorney, an officer of this court, is an act involving moral turpitude."

Applying that holding to the facts of this case, we confirm the board's finding that respondent engaged in illegal conduct involving moral turpitude and engaged in conduct involving fraud, and thereby violated Canon 1, DR 1-102 (A)(3) and (4).

We come now to the recommendation of the board that respondent be suspended for an indefinite period from the practice of law. The board determined that the seriousness of the crimes involved and past pronouncements of this court[2] dictated a recommendation of indefinite suspension or disbarment, rather than public reprimand as urged by respondent. Parenthetically, we note that the board considered evidence of respondent's good character and reputation, as follows:

---

[2] In *Cleveland Bar Assn.* v. *Stein* (1972), 29 Ohio St. 2d 77, this court publicly announced that the degree of discipline in cases involving an attorney's conviction or willful act of failing to file a federal income tax return would be the indefinite suspension from the practice of law.

"Twenty-one highly reputable citizens of the community testified as to the excellent character and reputation of the respondent, of his worthwhile contributions to the community, of his previous fine record as a member of the bar, including his high competence and integrity as such. By stipulation, thirty additional letters of the same import, from highly reputable persons, were admitted in evidence.

"There is no question but that the respondent, prior to these convictions, possessed and enjoyed the fine character and reputation indicated and was a highly respected and competent member of the bar and the Dayton community, and the board so finds."

Howver, in *Cincinnati Bar Assn.* v. *Bowman, supra,* a case which is essentially indistinguishable from this case, this court said, at page 223:

"In determining the degree of discipline appropriate in this case, we must consider the fact that respondent was convicted of evading tax by filing false returns in three successive years. Conviction of three crimes involving moral turpitude is far more serious misconduct than conviction of one such crime. In such an instance, respondent should show any facts that would justify a lesser degree of discipline than that here recommended [indefinite suspension]. A parade of character witnesses, however distinguished, will ordinarily not suffice."

The court proceeded to suspend Bowman from the practice of law for an indefinite period. The record in this case, which consists mainly of character evidence, does not justify a departure from that precedent.

Therefore, the findings, report and recommendation of the Board of Commissioners on Grievances and Discipline are confirmed, and it is the judgment of this court, pursuant to Gov. R. V(6)(b), that respondent, Russell L. Carter, be suspended for an indefinite period from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.