OHIO STATE BAR ASSOCIATION *v.* MOORE.

[Cite as Ohio State Bar Assn. v. Moore (1976), 45 Ohio St. 2d 57.]

(D. D. No. 75-8—Decided January 21, 1976.)

58

*Mr. Robert N. Farquhar, Mr. Albert L. Bell, Mr. John R. Welch* and *Mr. Kenneth M. Barnes,* for relator.

*Mr. Charles W. Kettlewell* and *Mr. James E. Melle,* for respondent.

*Per Curiam.* Respondent contends that a judgment of conviction of willfully failing to file federal income tax returns is inadmissible in a disciplinary proceeding before the Board of Commissioners on Grievances and Discipline and, therefore, that he cannot be subject to the imposition of discipline absent proof of misconduct.

In *Dayton Bar Assn.* v. *Prear* (1964), 175 Ohio St. 543, 196 N. E. 2d 773, this court was presented with a similar situation. After the respondent therein was convicted of three counts of willfully failing to file federal income tax returns, the relator instituted proceedings before the board and introduced only the transcript of the information and convictions. Upon review of the board's action, it was the court's finding that such conduct, as evidenced from the transcript of the convictions themselves, warranted that respondent be indefinitely suspended from the practice of law. Cf. *Toledo Bar Assn.* v. *Lichota* (1968), 15 Ohio St. 2d 217, 239 N. E. 2d 45; *Cincinnati Bar Assn.* v. *Bowman* (1968), 15 Ohio St. 2d 220, 239 N. E. 2d 47.

By willfully failing to file federal income tax returns in the case at bar, respondent violated Canon 29 and Canon 32 of the Canons of Professional Ethics,* and Canon 1, DR 1-102(A)(4) and (6), of the Code of Professional Re-

---

*Respondent's failure to file income tax returns for calendar years 1968 and 1969 occurred prior to the adoption of the Code of Professional Responsibility on October 5, 1970, while the Canons of Professional Ethics governed the bar of this state.

sponsibility. Respondent's behavior constituted misconduct as defined in Gov. R. V(5)(a). Furthermore, by his convictions and subsequent incarceration, respondent has lessened public confidence in the legal profession and has reflected substantial discredit upon his fellow lawyers.

The recommendation of the Board of Commissioners on Grievances and Discipline is well taken and respondent is indefinitely suspended from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.