BAR ASSOCIATION OF GREATER CLEVELAND *v.* SIMPSON.

(D. D. No. 76-9—Decided November 24, 1976.)

*Meyers, Stevens & Rea Co., L. P. A., Mr. John S. Rea, Mr. Edward J. Maher, Messrs. Guren, Merritt, Sogg & Cohen* and *Mr. Richard Rivitz,* for relator.

*Mr. James R. Willis,* for respondent.

*Per Curiam.* At the outset respondent concedes that he has been convicted of offenses involving moral turpitude; nevertheless, he questions whether the recommendation of disbarment is not unduly severe. Respondent then attempts to draw a parallel between a disciplinary action and a criminal charge by stating that the case of *Mullaney* v. *Wilbur* (1975), 421 U. S. 684, 44 L. Ed. 2d 508, should be applied for its doctrine that the burden of persuasion is on the state (the board here) to show that a less severe alternative is not in order. While the application of *Mullaney* is novel, the argument presented is inapposite. See *Ohio State Bar Assn.* v. *Weaver* (1975), 41 Ohio St. 2d 97.

Respondent concludes his objection to the recommendation of the board with the ingenuous argument that "this penalty, in a sense, is as final for a lawyer, as the death penalty is for a murderer." We reject this analogy.

Upon a careful analysis of the evidence and stipulation, this court concludes that the record supports the finding of the board that respondent has violated DR 1-102 (A)(3) of the Code of Professional Responsibility. All or one of the violations of which respondent has been con-

victed is sufficient to constitute misconduct as defined in Gov. R. V(5)(a).

We find that the respondent's conduct as a lawyer was dishonest, deceitful and fraudulent and, as such, conclusively negates his fitness to practice law.

In view of the foregoing, it is the judgment of this court, pursuant to Gov. R. V(5)(a), that respondent be permanently disbarred from the practice of law.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.