COLUMBUS BAR ASSOCIATION *v.* HARRIS.

[Cite as Columbus Bar Assn. *v.* Harris (1982), 1 Ohio St. 3d 33.]

(D.D. No. 82-18—Decided July 14, 1982.)

*Mr. David S. Bloomfield* and *Mr. John B. Rohyans,* for relator.
*Mr. Daniel D. Connor,* for respondent.

*Per Curiam.* This court concurs with the board's finding that respondent's actions upon which his conviction was based constituted illegal conduct involving moral turpitude in violation of DR 1-102(A)(3). See *Bar Assn. v. Chvosta* (1980), 62 Ohio St. 2d 429 [16 O.O.3d 452]; 7 American Jurisprudence 2d 140-141, Attorneys at Law, Section 75. The board recommended that respondent be suspended from the practice of law for a one-year period commencing October 10, 1981, the date of his suspension pursuant to Gov. R. V(8). Upon a careful review of the entire record we believe respondent's conduct warrants his suspension from the practice of law for a period of one year commencing on the date of this order.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

KRUPANSKY, J., dissenting. I believe, at the very least, respondent's conduct mandates he be indefinitely suspended from the practice of law. Consequently, I must dissent from the majority's decision adopting the recommendation of the Board of Commissioners on Grievances and Discipline to suspend respondent from the practice of law for a period of only one year.

DR 1-102(A)(3) provides an attorney shall not "[e]ngage in illegal conduct involving moral turpitude." In determining whether the illegal conduct in question involves moral turpitude, as well as in deciding upon the appropriate disciplinary action which should be taken, one must recognize the higher standard to be applied to an attorney. As stated by this court in *Cincinnati Bar Assn. v. Shott* (1967), 10 Ohio St. 2d 117, at page 131 [39 O.O.2d 110, at 119], "[t]he lawyer, because of his training and position of public trust, must be held to a more strict standard than the layman." Accordingly, some of the crimes involving moral turpitude which this court has determined warrant the sanctions of indefinite suspension or permanent disbarment include embezzlement, concealing stolen motor vehicles, using the mails to defraud, receiving stolen property and larceny by trick. *Cleveland Bar Assn. v. Zimmerman* (1970), 21 Ohio St. 2d 169 [50 O.O.2d 393]; *Bar Assn. of Greater Cleveland v. Simpson* (1976), 48 Ohio St. 2d 120 [2 O.O.3d 274]; *Ohio State Bar Assn. v. Mackay* (1976), 46 Ohio St. 2d 81 [75 O.O.2d 155]; *Cincinnati Bar Assn. v. Klatch* (1971), 25 Ohio St. 2d 241 [54 O.O.2d 367]; *Cleveland Bar Assn. v. Corrigan* (1971), 25 Ohio St. 2d 290 [54 O.O.2d 395].

I fail to understand how this court can justify indefinitely suspending or disbarring an attorney for the non-violent crimes perpetrated in the above-cited cases while merely suspending this respondent from the practice of law for a period of only one year for committing a crime of violence against another individual. Once an individual has a felony record, this court should seriously consider only disbarment but certainly nothing less than indefinite suspension. Our position should be made clear, the noble profession of the law has no place for convicted felons.

While the board recommends respondent be suspended from the practice of law for one year it is well-accepted such a recommendation is not binding upon this court. See *Cleveland Bar Assn.* v. *Fleck* (1961), 172 Ohio St. 467 [17 O.O.2d 458]. Accordingly, I feel respondent's conduct clearly requires the imposition of a harsher penalty, *i.e.,* indefinite suspension or disbarment. In my opinion a convicted felon, *i.e.,* a person either found guilty after trial or one who pleads guilty to a felony, should lose his license and the privilege of practicing law, at the very least, for an indefinite period.