OFFICE OF DISCIPLINARY COUNSEL ET AL. *v.* KRAFT.

[Cite as Disciplinary Counsel *v.* Kraft (1983), 5 Ohio St. 3d 197.]

(D.D. No. 83-2—Decided June 22, 1983.)

*Mr. Angelo J. Gagliardo,* disciplinary counsel, *Mr. Charles W. Kettlewell* and *Ms. Kathryn Haller,* for relator Office of Disciplinary Counsel.

*Mr. Allen Berger,* for relator Pickaway County Bar Assn.

*Messrs. Cassidy & Meeks, Mr. Paul .D. Cassidy* and *Mr. R. William Meeks,* for respondent.

---

[1] These four felony charges involved amounts of $40,000, $220,000, $250,000, and $425,000.

*Per Curiam.* Respondent claims that "evidence presented in the form of certified exhibits, even though acknowledged in the answers as accurate records of the Courts, does not, in the absence of testimony or some other form of proof, establish that Respondent engaged in specific conduct sufficient to constitute violations of misconduct under DR 1-102(A)(3), (4), (5) and (6) and DR 9-102." We disagree.

It is well-established that an attorney's conduct need not be criminal to subject him to disciplinary procedures. Accordingly, the quantum of proof required to warrant discipline or disbarment is different from that demanded for conviction of a criminal charge. *Ohio State Bar Assn.* v. *Weaver* (1975), 41 Ohio St. 2d 97, 100 [70 O.O.2d 175]. This court has previously held that certain conduct, as evidenced from the transcript of the convictions themselves, warrants professional discipline. *E.g., Ohio State Bar Assn.* v. *Moore* (1976), 45 Ohio St. 2d 57 [74 O.O.2d 84]; *Dayton Bar Assn.* v. *Prear* (1964), 175 Ohio St. 543 [26 O.O.2d 220]. Applying this principle to the present case, we find that the documents submitted into evidence herein were sufficient to establish the underlying factual matters which served as the basis for the criminal convictions and which allegedly constitute misconduct under the disciplinary rules.

Upon a review of all the facts and circumstances as presented to the board and after careful consideration of respondent's objections, this court finds that respondent has violated DR 1-102(A)(3), (4), (5) and (6) and DR 9-102, and concurs with the recommendation of the board.

It is the judgment of this court that respondent be permanently disbarred from the practice of law.

*Judgment accordingly.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.