[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 144.]

OFFICE OF DISCIPLINARY COUNSEL *v*. CUSHION.

[*Cite as Disciplinary Counsel v. Cushion*, 2001-Ohio-181.]

*Attorneys at law—Misconduct—Indefinite suspension with allowance for petition for reinstatement one year after release from prison on conditions— Conviction of felonious assault, carrying a concealed weapon, discharging a firearm while under the influence of alcohol and drugs, and driving under the influence.*

(No. 00-2267—Submitted January 31, 2001—Decided June 20, 2001.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 99-36.

_____

*Per Curiam.*

{¶ 1} On May 6, 1999, being advised of the felony conviction of respondent, Ralph P. Cushion II of Nelsonville, Ohio, Attorney Registration No. 0037116, we suspended him from the practice of law for an interim period. *In re Cushion* (1999), 85 Ohio St.3d 1472, 709 N.E.2d 845. After an investigation, relator, Office of Disciplinary Counsel, filed a complaint on June 7, 1999, charging that the conduct by respondent that resulted in the felony conviction violated DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude) and 1-102(A)(6) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law). After respondent's answer, the matter was referred to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} Based on stipulations of the parties and testimony at a hearing, the panel found that respondent had been convicted of felonious assault with a firearm specification, carrying a concealed weapon, discharging a firearm while under the

influence of alcohol and drugs, and two counts of driving under the influence. As a result of those convictions, respondent was sentenced in February 1999 to two years in prison for felonious assault, seventeen months in prison for carrying a concealed weapon, 180 days in prison for driving under the influence, and 180 days in prison for using weapons while intoxicated. He was also sentenced to three years for an underlying firearm specification. The sentence for the firearm specification was to be served prior to the other four sentences of two years, seventeen months, 180 days and 180 days, all of which were to be served concurrently. These charges resulted from an incident in which, while under the influence of both alcohol and drugs, which he claims to have taken because of his despondency, respondent shot a female companion. He claims that the pistol inadvertently discharged.

{¶ 3} The panel concluded that respondent's conduct violated the Disciplinary Rules as charged. The panel found in mitigation that respondent has shown genuine remorse for his actions. While in prison he engaged in public service and educational activities, attended Alcoholic Anonymous and Narcotics Anonymous meetings, and resolved not to use drugs or alcohol again.

{¶ 4} The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio but that he be allowed to petition for reinstatement one year after his release from prison, conditioned on successful postrelease control until that date. The board adopted the findings, conclusions, and recommendation of the panel.

{¶ 5} Upon review of the record in this matter, we adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. However, respondent may petition for reinstatement one year after his release from prison, conditioned on successful postrelease control until that date and the passage of at least two years from the date of this order. Costs are taxed to respondent.

*Judgment accordingly.*

DOUGLAS, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., RESNICK and LUNDBERG STRATTON, JJ., dissent.

_____

**LUNDBERG STRATTON, J., dissenting.**

{¶ 6} I believe that the respondent's criminal actions warrant a more severe sanction than indefinite suspension from the practice of law. While respondent claims that the shooting of Deanna Woods was accidental, he was convicted in a full jury trial "beyond a reasonable doubt" of felonious assault in violation of R.C. 2903.11(A)(2) with a firearm specification, carrying a concealed weapon in violation of R.C. 2923.12, two counts of driving under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1) and (2), and using a weapon while intoxicated in violation of R.C. 2923.15. Respondent was sentenced to two years' imprisonment for the felonious assault, with three years for the gun specification to run consecutively, seventeen months on the concealed weapon charge to run concurrently, and one hundred eighty days each on the counts of driving under the influence and discharging a weapon while intoxicated to run concurrently. Respondent's convictions were affirmed on appeal.

{¶ 7} According to a footnote in the board's report, the respondent's version was "dramatically different" from that of a key witness. Respondent claims that his shooting of Ms. Woods was an accident. I do not believe that we should accept a different version of events once a respondent has been convicted by a jury. That conviction should be conclusive as to respondent's culpability.

{¶ 8} Even if we were to accept respondent's radically different version of the events, he nevertheless abandoned the victim in the driveway after he shot her, sped recklessly away, and eventually crashed his vehicle before he was arrested. Such actions show a conscious disregard for whether Ms. Woods lived or died, which does not support his claim that the shooting was accidental. The requirements of DR 1-102(A)(3) would be met by that act alone.

{¶ 9} While respondent acknowledged his drug and alcohol addictions and his ego problems and promised to reform, these promises are not sufficient, in my opinion, to mitigate the circumstances of his conduct, which I believe merit his disbarment. Therefore, I respectfully dissent.

MOYER, C.J., and RESNICK, J., concur in the foregoing dissenting opinion.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, for relator.

*Summers & Vargas Co., L.P.A., William L. Summers* and *Edwin J. Vagas,* for respondent.

_____