DISCIPLINARY COUNSEL *v.* GOODALL.

[Cite as *Disciplinary Counsel v. Goodall,*
**103 Ohio St.3d 501, 2004-Ohio-5583.**]

(No. 2004–0825—Submitted June 29, 2004—Decided Nov. 3, 2004.)

---

**Per Curiam.**

{¶ 1} Respondent, L. Sharon Goodall of Dayton, Ohio, Attorney Registration No. 0061132, was admitted to the practice of law in Ohio in 1993. On October 6, 2003, relator, Disciplinary Counsel, charged respondent with having violated the Code of Professional Responsibility. A panel of the Board of Commissioners on Grievances and Discipline heard the cause and, based on comprehensive stipulations, exhibits, and testimony, made findings of fact, conclusions of law, and a recommendation, all of which the board adopted.

## Misconduct

{¶ 2} Prior to her admission to the Ohio bar, respondent had worked for many years as a nurse. After her admission, respondent practiced law in a small law firm for several years and shared office space with another attorney. Respondent's practice has consisted mainly of representing indigent criminal defendants who were assigned to her by court appointment.

{¶ 3} On May 14, 2003, respondent was convicted of aggravated assault in violation of R.C. 2903.12(A)(2), a felony of the fourth degree, in the Montgomery County Court of Common Pleas. The incident underlying her conviction occurred on July 19, 2002, when respondent threw a bottle that injured her husband's arm during a domestic dispute. Respondent did little for her defense, relying on an attorney who apparently became ill during the proceedings. Despite the serious nature of the charge against her, she ultimately pled no contest to the felony because she hoped to avoid adverse publicity for her family.

{¶ 4} Respondent was sentenced to community control for a period of up to five years and ordered to attend a batterer's intervention program and to undergo mental-health counseling. In September 2003, the trial court waived community-control sanctions relating to the batterer's intervention program and mental-health counseling. On March 3, 2004, the court terminated respondent's community control, finding that she had abided by all the conditions previously imposed and was rehabilitated.

{¶ 5} On July 17, 2003, we suspended respondent's license to practice law for an interim period, pursuant to Gov.Bar R. V(5)(A)(3), upon receiving notice of her felony conviction. See *In re Goodall*, 99 Ohio St.3d 1471, 2003-Ohio-3801, 791 N.E.2d 986.

{¶ 6} Based on respondent's conviction, the board found that respondent had violated DR 1–102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the attorney's fitness to practice law). Relator withdrew a charge that respondent had also violated DR 1–102(A)(3) (barring illegal conduct involving moral turpitude).

## Sanction

{¶ 7} In recommending a sanction for respondent's misconduct, the board reviewed the mitigating and aggravating factors listed in Section 10 of the Rules and Regulations Governing Procedure on Complaints and Hearings Before the Board of Commissioners on Grievances and Discipline ("BCGD Proc.Reg."). The board found that respondent had never had a prior disciplinary offense and that the facts of her conviction did not involve dishonest or selfish motives. BCGD Proc.Reg. 10(B)(2)(a) and (b). In addition, respondent cooperated fully in the disciplinary process, and she may face additional penalties or sanctions relative to

her nursing license as a result of her felony conviction. BCGD Proc.Reg. 10(B)(2)(d) and (f). The board also observed that her husband's injury from their altercation was fairly minor and not permanent.

{¶ 8} The board did not find that alcohol or other substance abuse contributed to the incident underlying respondent's conviction. Respondent has been receiving counseling since her sentencing, including sessions of cognitive behavioral therapy, anger management, and stress-reduction techniques. BCGD Proc.Reg. 10(B)(2)(h). A report confirmed respondent's progress and related that respondent had expressed her sorrow and contrition about her crime to her therapist.

{¶ 9} The board observed that respondent has also resolutely complied with the suspension ordered on July 17, 2003, and that if permitted to return to the practice of law, she hoped to continue accepting court appointments, including those to serve as a guardian ad litem for juveniles.

{¶ 10} Finally, the board found mitigating the nine character letters submitted from respondent's colleagues and acquaintances, all of whom earnestly recommended her honesty, integrity, and trustworthiness. Two witnesses also testified during the panel hearing to respondent's good character. The board found no aggravating features in respondent's case.

{¶ 11} Relator's counsel suggested that respondent's law license be suspended for one year. Respondent suggested that she receive no more than a one-year suspension and also that she be credited for the suspension she has been under since July 17, 2003, a proposal to which relator did not object.

{¶ 12} Based on the serious nature of respondent's conviction but also on the existence of substantial mitigating factors and the absence of any aggravating factors, the board recommended that respondent be suspended from the practice of law for six months and that she also be given credit for her Gov.Bar R. V(5)(A)(3) suspension. In making this recommendation, the board distinguished respondent's case from those in which a more severe sanction has been imposed for violations of DR 1–102(A)(3) and for more egregious circumstances. See *Columbus Bar Assn. v. Harris* (1982), 1 Ohio St.3d 33, 1 OBR 68, 437 N.E.2d 596 (DR 1–102[A][3] violation found and one-year suspension warranted for an attorney's felony conviction of aggravated assault for having struck a male friend of his ex-wife with a bat, causing serious injury); *Muskingum Cty. Bar Assn. v. Workman* (1985), 17 Ohio St.3d 95, 17 OBR 216, 477 N.E.2d 632 (DR 1–102[A][3] violation found and one-year suspension warranted for attorney's convictions, after several previous similar incidents, of having assaulted a former girlfriend and trespassing on her property); *Cincinnati Bar Assn. v. Holcombe* (2001), 93 Ohio St.3d 141, 753 N.E.2d 176 (DR 1–102[A][3] and [6] violations found and indefinite suspension warranted for attorney's conviction of attempted felonious assault on a woman with whom he was having an affair); and *Disciplinary*

*Counsel v. Cushion* (2001), 92 Ohio St.3d 144, 749 N.E.2d 224 (DR 1–102[A][3] and [6] violations found and indefinite suspension warranted for attorney's conviction of felonious assault, carrying a concealed weapon, and discharging a firearm while under the influence of alcohol and drugs, and driving under the influence).

{¶ 13} We agree that respondent violated DR 1–102(A)(6) as found by the board and that a six-month suspension with credit for time served is appropriate for the reasons the board expressed. Respondent is therefore suspended from the practice of law in Ohio for six months; however, she shall be credited for our interim suspension of her law license on July 17, 2003. The interim suspension is thereby immediately terminated. We further order that respondent is reinstated to the practice of law. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

Jonathan E. Coughlan, Disciplinary Counsel, and Stacy Solochek Beckman, Assistant Disciplinary Counsel, for relator.

Charles J. Kettlewell and Charles W. Kettlewell, for respondent.