DISCIPLINARY COUNSEL *v.* WHITFIELD.

**[Cite as *Disciplinary Counsel v. Whitfield,***

**132 Ohio St.3d 284, 2012-Ohio-2708.]**

*Attorneys—Misconduct—Conduct adversely reflecting on fitness to practice law—Unauthorized practice of law—Two-year suspension, with credit for time served, on conditions.*

(Nos. 2011-0284 and 2011-1755—Submitted January 18, 2012—Decided June 20, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 10-078.

_____

**Per Curiam**.

**{¶ 1}** Respondent, James Jonathan Whitfield of Cincinnati, Ohio, Attorney Registration No. 0080720, was admitted to the practice of law in Ohio in 2006.[1] In February 2010, Whitfield informed relator, disciplinary counsel, that he had been convicted of aggravated assault, a felony offense. Consequently, we suspended Whitfield's license on an interim basis, effective May 24, 2010. *In re Whitfield*, 125 Ohio St.3d 1428, 2010-Ohio-2261, 927 N.E.2d 2. And on November 1, 2011, we suspended respondent from the practice of law for his failure to register as an attorney for the 2011-to-2013 biennium. *In re Attorney Registration Suspension of Whitfield*, 130 Ohio St.3d 1420, 2011-Ohio-5627, 956 N.E.2d 310.

**{¶ 2}** On August 16, 2010, relator filed a two-count complaint alleging that Whitfield's felony conviction adversely reflected on his fitness to practice

---

1. Whitfield testified that he had also been licensed to practice in Maryland.

law and that with respect to a single client, he had engaged in the unauthorized practice of law in Kentucky by signing an entry of appearance, as well as a request for and an agreed order for genetic testing.

{¶ 3} In accordance with BCGD Proc.Reg. 11, the parties submitted a consent-to-discipline agreement containing stipulations of fact and misconduct and a recommendation that Whitfield be suspended for one year with six months stayed and with credit for time served under the interim suspension. On the recommendation of a panel of its members, the Board of Commissioners on Grievances and Discipline recommended that we adopt the consent-to-discipline agreement, but we rejected the parties' recommended sanction and remanded the matter to the board for further proceedings. *Disciplinary Counsel v. Whitfield*, 128 Ohio St.3d 1437, 2011-Ohio-1527, 944 N.E.2d 238.[2]

{¶ 4} On remand, the parties submitted their stipulated findings of fact, misconduct, and mitigation, but agreed that a two-year suspension, all stayed, would be an appropriate sanction for Whitfield's misconduct. A panel of the board conducted a hearing and adopted the parties' stipulations but recommended that he be suspended for two years with credit for time served under his interim felony suspension. The board adopted the panel's report in its entirety, and so do we.

## Misconduct

{¶ 5} The stipulated facts and testimony demonstrate that in April 2009, Whitfield was involved in an altercation with another man at a bar and hit him in the head with a glass bottle, causing serious injuries, including two facial lacerations and a piece of glass lodged in the man's eye. Whitfield was indicted on two counts of felonious assault. In February 2010, he pleaded guilty to one

---

2. The board report recommending that we adopt the parties' consent-to-discipline agreement was filed with this court in case No. 2011-0284. Upon filing with this court, the board report following remand was assigned case No. 2011-1755. We consolidate these cases, sua sponte, for disposition.

count of aggravated assault, a fourth-degree felony, in violation of R.C. 2903.12(A)(2), in exchange for dismissal of the felonious-assault charges. He was sentenced to 90 days in jail and two years of community control. He reported his misconduct to relator, which resulted in his May 24, 2010 interim felony suspension from the practice of law.

{¶ 6} The parties also stipulated and the board found that while serving as the legal-services coordinator for Talbert House in Cincinnati, Ohio, Whitfield represented Everett L. Gregory in a paternity action in the Kenton Circuit Court, Family Court Division, in Kentucky. Though he was not licensed to practice law in Kentucky, Whitfield signed several documents, including an entry of appearance, that were filed with the court, and the court served various documents on him as counsel of record.

{¶ 7} Based upon the stipulated facts summarized above, the parties agree, and the panel and board found, that Whitfield's conduct with respect to each count violated Prof.Cond.R. 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law) and that his conduct with respect to count two also violated Prof.Cond.R. 5.5(a) (prohibiting a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction).

{¶ 8} We adopt the stipulations of fact and misconduct as submitted by the parties and found by the board.

**Sanction**

{¶ 9} In recommending a sanction, the board considered the aggravating and mitigating factors listed in BCGD Proc.Reg. 10. *See Disciplinary Counsel v. Broeren,* 115 Ohio St.3d 473, 2007-Ohio-5251, 875 N.E.2d 935, ¶ 21. As mitigating factors, the parties stipulated and the board found that Whitfield has no prior disciplinary record other than the interim felony suspension arising from the same aggravated-assault conviction that is the subject of count one herein, that

he did not act with a dishonest or selfish motive, and that other penalties and sanctions have been imposed. *See* BCGD Proc.Reg. 10(B)(2)(a), (b), and (f).

{¶ 10} The parties also stipulated, and the board found, that Whitfield has made full and free disclosures and displayed a cooperative attitude throughout the disciplinary proceedings, noting that at relator's request, he submitted to mental-health and substance-abuse evaluations conducted by the Ohio Lawyers Assistance Program ("OLAP"). *See* BCGD Proc.Reg. 10(B)(2)(d). Although the evaluation did not find any issues that would have contributed to Whitfield's misconduct, Megan Snyder, a licensed independent social worker for OLAP, testified that Whitfield was diagnosed with an adjustment disorder and depressed mood as a consequence of his arrest and incarceration. As a result, he has entered into, and fully complied with, a two-year mental-health-recovery contract with OLAP.

{¶ 11} Although the parties stipulated that no aggravating factors are present, the board found that the physical harm to the victim of Whitfield's assault was an aggravating factor to be considered in determining the appropriate sanction for Whitfield's misconduct. *See* BCGD Proc.Reg. 10(B)(1)(h).

{¶ 12} The parties stipulated that a two-year, fully stayed suspension is the appropriate sanction for Whitfield's misconduct. The panel and board, however, recommend that we suspend Whitfield for two years but give him credit for the time he has served under his interim felony suspension. In support of this recommendation, they cite mitigating factors, Whitfield's remorse, and *Disciplinary Counsel v. Goodall*, 103 Ohio St.3d 501, 2004-Ohio-5583, 817 N.E.2d 23 (imposing a six-month suspension with credit for time served under an indefinite felony suspension for an attorney convicted of aggravated assault after she threw a bottle, injuring her husband's arm during a domestic dispute).

{¶ 13} We find the sanction in *Goodall* to be instructive, but because Whitfield engaged in the unauthorized practice of law in Kentucky in addition to

4

being convicted of aggravated assault, we conclude that the sanction recommended by the board is the appropriate sanction for his misconduct. However, we impose the additional requirements that he extend his OLAP contract for an additional two years from the date of this opinion and continue to follow the treatment recommendations of his mental-health professionals.

{¶ 14} Accordingly, we suspend James Jonathan Whitfield from the practice of law in Ohio for two years but credit him for the time served under the interim felony suspension imposed on May 24, 2010, conditioned upon the extension of his OLAP contract for two years from the date of this opinion and his continued compliance with the treatment recommendations of his mental-health professionals. Costs are taxed to Whitfield.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

O'DONNELL, J., dissents and would indefinitely suspend respondent for this misconduct.

_____

Jonathan E. Coughlan, Disciplinary Counsel, and Heather H. Coglianese, Assistant Disciplinary Counsel, for relator.

James Jonathan Whitfield, pro se.

_____