**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Mahoning Cty. Bar Assn. v. Rohrbaugh*, **Slip Opinion No. 2024-Ohio-5127.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5127

MAHONING COUNTY BAR ASSOCIATION *v.* ROHRBAUGH.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Mahoning Cty. Bar Assn. v. Rohrbaugh*, Slip Opinion No. 2024-Ohio-5127.]**

*Attorneys—Misconduct—Attorney violated the Rules of Professional Conduct by registering a fictitious entity in Ohio as part of a financial-crimes scheme culminating in his felony convictions—Indefinite suspension with credit for time served under interim felony suspension.*

(No. 2024-1105—Submitted September 3, 2024—Decided October 29, 2024.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2024-002.

_____

The per curiam opinion below was joined by DEWINE, DONNELLY, STEWART, and DETERS, JJ. KENNEDY, C.J., and FISCHER, J., concurred in part and dissented in part and would not award credit for time served under the interim felony suspension. BRUNNER, J., did not participate.

**Per Curiam.**

{¶ 1} Respondent, Robert James Rohrbaugh II, of Youngstown, Ohio, Attorney Registration No. 0071668, was admitted to the practice of law in Ohio in 1999. On February 15, 2023, this court suspended Rohrbaugh's license on an interim basis following his felony convictions on four counts related to his involvement in a scheme aimed at obtaining fraudulent federal-income-tax refunds. *See In re Rohrbaugh*, 2023-Ohio-432. That suspension remains in effect.

{¶ 2} In a January 2024 complaint, relator, the Mahoning County Bar Association, charged Rohrbaugh with five violations of the Rules of Professional Conduct arising from conduct related to his financial crimes. Relator subsequently dismissed three of the charged violations.

{¶ 3} The parties submitted stipulations of fact, misconduct, and aggravating and mitigating factors, and they jointly recommended that Rohrbaugh serve an indefinite suspension with credit for time served under the February 2023 interim felony suspension. The parties stipulated and a three-member panel of the Board of Professional Conduct found that Rohrbaugh had committed the two remaining violations charged in the complaint. The panel agreed with the parties' joint recommendation that an indefinite suspension from the practice of law with credit for time served under the February 2023 interim felony suspension is the appropriate sanction for Rohrbaugh's misconduct. The board adopted the panel's findings of fact and misconduct and its recommended sanction. The parties filed a joint waiver of objections to the board's report.

{¶ 4} After reviewing the record and our precedent, we adopt the board's findings of misconduct and recommended sanction.

**MISCONDUCT**

{¶ 5} In 2020, a federal grand jury in the United States District Court for the Northern District of Ohio returned an indictment, followed by a superseding

indictment, charging Rohrbaugh with (1) conspiracy to commit offenses against the United States, in violation of 18 U.S.C. 371, (2) aiding and abetting in the theft of government property, in violation of 18 U.S.C. 641 and 2, (3) aiding and abetting in the filing of false claims against the United States, in violation of 18 U.S.C. 287 and 2, (4) conspiracy to commit money laundering, in violation of 18 U.S.C. 1956(h), and (5) filing a false income-tax return, in violation of 26 U.S.C. 7206(1). *See United States v. Rohrbaugh*, N.D. Ohio No. 4:20-CR-00342-3 (Sept. 24, 2020). The charges stemmed from a scheme in which Rohrbaugh and his coconspirators created fictious business entities and trusts, prepared and filed federal corporate- and estate-tax returns falsely reporting large tax withholdings for those entities and trusts, and received tax-refund checks to which they were not entitled.

{¶ 6} At his disciplinary hearing, Rohrbaugh testified that a jury acquitted him of the count charging him with filing a false tax return but deadlocked on the remaining four counts, but after a second jury trial, he was convicted of the remaining charges. He was sentenced to 52 months' imprisonment on each count, with each term to be served concurrently. *Rohrbaugh*, N.D. Ohio No. 4:20-CR-00342-3 (June 16, 2023). Rorhbaugh was also sentenced to a period of postrelease supervision—three years for each of the four counts on which he was convicted, with each term to be served concurrently. *Id.* He was also ordered to pay a special assessment of $400 and to pay restitution in the amount of $569,938.81 to the IRS by paying 25 percent of his gross income each month through the Federal Bureau of Prisons Inmate Financial Responsibility Program. *Id.* If any of the restitution owed remains due after his release from prison, Rohrbaugh is ordered to pay 10 percent of his gross monthly income "during the term of [his] supervised release and thereafter as prescribed by law." *Id.* Rohrbaugh did not appeal his convictions.

{¶ 7} As a result of Rohrbaugh's convictions, on February 15, 2023, we imposed an interim felony suspension pursuant to Gov.Bar R. V(18)(A)(1)(a). *In re Rohrbaugh*, 2023-Ohio-432, ¶ 1-2.

3

**{¶ 8}** At his disciplinary hearing, Rohrbaugh testified that the majority of the criminal conduct—creating the fictitious entities and filing false tax returns—occurred before he joined the conspiracy, and he claimed that all he did was register one of the fictitious businesses in Ohio. He asserted that if he had known that the primary charge against him was based only on registering that entity, he would have accepted responsibility and pleaded guilty.

**{¶ 9}** Rohrbaugh also testified about the effect his convictions have had on him and his family. With Rohrbaugh out of work, his family had to sell everything they had, including their furniture, clothes, and shoes. Despite this, Rohrbaugh said he felt "pretty good" in learning that he did not really need everything he used to have and that he could live with far less.

**{¶ 10}** Rohrbaugh expressed remorse for his conduct in bringing disrepute on the legal profession. He recognized that being a lawyer was a "great opportunity" and that he "blew it at one point in time," letting his family down and damaging the image of the legal profession.

**{¶ 11}** Since being in prison, Rohrbaugh has participated in a residential substance-abuse-treatment program, been significantly involved in spiritual groups and activities, and stayed sober. He has also learned new skills in plumbing and hopes those skills will help him secure a commercial-plumbing job after his release from prison. Rohrbaugh is also paying restitution, but because the amount he is obligated to pay each month is more than his monthly prison income, his family has to pay the difference.

**{¶ 12}** Rohrbaugh submitted eight letters attesting to his good character and reputation. The authors of the letters range from judges to a former employee and a former coworker, and they highlight Rohrbaugh's compassion, his skills as an attorney, and his being deserving of a second chance.

**{¶ 13}** The board found that Rohrbaugh's criminal conduct was "aberational," and it noted that the trial-court judge had acknowledged Rohrbaugh's

acceptance of responsibility for his crimes by giving him a lesser sentence, either through downward deviation or point reduction under the sentencing guidelines. The board also noted that Rohrbaugh did not establish any of the fictitious entities or obtain federal-employer-identification numbers for the fictitious entities; instead, his criminal conduct was limited to registering one of the entities in Ohio.

{¶ 14} Based on Rohrbaugh's conduct, the parties stipulated and the board found that Rohrbaugh violated Prof.Cond.R. 8.4(b) (prohibiting a lawyer from committing an illegal act that reflects adversely on the lawyer's honesty or trustworthiness) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## SANCTION

{¶ 15} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases. We have consistently recognized that "the goal of disciplinary proceedings is not to punish the errant lawyer, but to protect the public." *Toledo Bar Assn. v. Hales*, 2008-Ohio-6201, ¶ 21. And "[w]hile consistency is also a goal, 'we examine each case individually and impose the discipline we believe appropriate based on the unique circumstances of each case.' " *Id.*, quoting *In re Disciplinary Action Against Ruffenach*, 486 N.W.2d 387, 390 (Minn. 1992).

{¶ 16} In terms of aggravating factors, the parties stipulated and the board found that Rohrbaugh exhibited a dishonest or selfish motive, *see* Gov.Bar R. V(13)(B)(2), and that he committed multiple offenses, *see* Gov.Bar R. V(13)(B)(4). In addition, the parties stipulated and the board found four mitigating factors present: the absence of prior discipline, s*ee* Gov.Bar R. V(13)(C)(1), full and free disclosure to the board and a cooperative attitude toward the disciplinary proceedings, s*ee* Gov.Bar R. V(13)(C)(4), good character and reputation, s*ee*

Gov.Bar R. V(13)(C)(5), and the imposition of other penalties, *see* Gov.Bar R. V(13)(C)(6).

{¶ 17} The board found the following additional factors in mitigation: (1) Rohrbaugh promptly reported his conviction to relator; (2) his culpability was "significantly lesser in degree, scope, and motivation" than that of his coconspirators; (3) his failure to plead guilty was justified; (4) his sentence and decision not to appeal his convictions reflect an acceptance of responsibility for his conduct; (5) his incarceration, payment of restitution, and "suffering of other consequences" further his rehabilitation, *see* Gov.Bar R. V(13)(C)(8); and (6) his attitude toward his criminal and ethical wrongdoing, the criminal and disciplinary proceedings against him, and his future and that of his family is healthy and realistic.

{¶ 18} The parties jointly recommended that Rohrbaugh be indefinitely suspended for his misconduct with credit for time served under his interim felony suspension.

{¶ 19} The board agrees that an indefinite suspension with credit for time served under the interim felony suspension is the appropriate sanction. In coming to that conclusion, the board cited numerous cases in which this court imposed an indefinite suspension on attorneys whose misconduct involved either federal financial crimes or federal tax crimes. *See Disciplinary Counsel v. George*, 2020-Ohio-2902 (conspiracy to commit wire fraud and securities fraud); *Cleveland Metro. Bar Assn. v. King*, 2019-Ohio-4715 (money laundering and attempted money laundering); *Disciplinary Counsel v. Rosenfield*, 2016-Ohio-1583 (willfully failing to withhold, account for, and pay federal-income taxes for law-firm employees); *Disciplinary Counsel v. Smith*, 2011-Ohio-957 (conspiring to defraud the IRS, making false tax returns, and corruptly endeavoring to obstruct and impede an IRS investigation); *Cincinnati Bar Assn. v. Kellogg*, 2010-Ohio-3285 (money laundering, conspiracy to commit money laundering, and conspiracy to obstruct

proceedings before two federal agencies); *Disciplinary Counsel v. Gittinger*, 2010-Ohio-1830 (conspiracy to commit bank fraud and money laundering); *Disciplinary Counsel v. Bennett*, 2010-Ohio-313 (unlawfully structuring financial transactions); *Ohio State Bar Assn. v. Tzagournis*, 46 Ohio St.2d 367 (1976) (willfully and knowingly failing to make a federal income-tax return); *Ohio State Bar Assn. v. Vaporis*, 46 Ohio St.2d 364 (1976) (same); *Cleveland Bar Assn. v. Stein*, 29 Ohio St.2d 77 (1972) (same); *Dayton Bar Assn. v. Carter*, 40 Ohio St.2d 43 (1974) (tax evasion by filing fraudulent tax returns); *Cincinnati Bar Assn. v. Bowman*, 15 Ohio St.2d 220 (1968) (same).

{¶ 20} After reviewing these cases, in which we disciplined attorneys who were convicted of various federal financial crimes, we agree with the board that an indefinite suspension is the appropriate sanction for Rohrbaugh. Our decisions in *George* and *King* provide guideposts for our decision here.

{¶ 21} In *George*, the attorney was convicted of conspiracy to commit wire fraud and securities fraud for participating in a scheme aimed at defrauding investors. He violated Prof.Cond.R. 8.4(b), 8.4(c), and 8.4(h) (prohibiting a lawyer from engaging in conduct that adversely reflects on the lawyer's fitness to practice law). The aggravating factors were a history of prior discipline, a pattern of misconduct, multiple offenses, and harm to vulnerable persons. *George* at ¶ 11. In mitigation, the attorney exhibited a cooperative attitude toward the disciplinary proceedings, submitted numerous letters as evidence of his good character and reputation, and had other penalties or sanctions imposed in the form of his prison sentence and a restitution order. *Id.* We determined that an indefinite suspension was the appropriate sanction, and in doing so, we considered the attorney's candor during his criminal and disciplinary proceedings, his genuine remorse, and the significant evidence of his good character and reputation and extensive community involvement. *Id.* at ¶ 19.

**{¶ 22}** In *King*, the attorney was convicted of money laundering and attempted money laundering after accepting and issuing checks related to drug trafficking. The attorney violated Prof.Cond.R. 8.4(b), 8.4(c), and 8.4(h). *King*, 2019-Ohio-4715, at ¶ 7. A single aggravating factor was present—a dishonest or selfish motive. *Id.* at ¶ 11. In mitigation, the attorney cooperated with the disciplinary investigation, presented evidence of his good character and skills as a lawyer, had other penalties or sanctions imposed for his criminal conduct, and completed an alcohol-and-drug treatment program as part of his rehabilitation. *Id.* at ¶ 8. The board recommended that the attorney be disbarred, but we disagreed. *Id.* at ¶ 19. Based on the facts and significant mitigating evidence, we acknowledged the attorney's potential to rehabilitate himself and return to the practice of law. We therefore concluded that an indefinite suspension was the appropriate sanction. *Id.* at ¶ 19-20.

**{¶ 23}** These cases and others cited by the board militate in favor of imposing an indefinite suspension here. Like the attorney in *George*, Rohrbaugh played a role in a criminal scheme rooted in fraud. Like the attorney in *George*, Rohrbaugh cooperated in the disciplinary proceedings, presented evidence of his good character and reputation, and had other penalties or sanctions imposed for his misconduct, including a prison sentence and an order to pay restitution. Rohrbaugh had additional mitigation that was not present in *George*, and unlike the attorney in that case, Rohrbaugh did not violate Prof.Cond.R. 8.4(h).

**{¶ 24}** The facts of *King* similarly aid our decision here. Like Rohrbaugh, the attorney in *King* violated Prof.Cond.R. 8.4(b) and 8.4(c), although the attorney in that case also violated Prof.Cond.R. 8.4(h). Rohrbaugh and the attorney in *King* further share the aggravating factor of a dishonest or selfish motive and mitigating factors of cooperating in the disciplinary proceedings, presenting evidence of their good character and reputation, and having other penalties or sanctions imposed for their misconduct. Our focus in *King* on the attorney's potential for rehabilitation is

also instructive here.  Like the attorney in that case, Rohrbaugh has taken steps to rehabilitate himself by attending a substance-abuse-treatment program, maintaining his sobriety, participating in spiritual groups and activities, and focusing on acquiring skills to help him find a job upon his release from prison.

{¶ 25} We recognize that Rohrbaugh has a 52-month sentence to serve before there is any chance that he will be able to return to the practice of law.  But given the facts of this case and the mitigation presented here, we will not foreclose that possibility.  For this reason, an indefinite suspension is the appropriate sanction for Rohrbaugh's misconduct.

{¶ 26} We have recognized that credit for time served under an interim felony suspension may be appropriate when "the disciplined lawyer[] presented credible evidence of remorse and acceptance of responsibility, convincing us that the criminal conduct was a one-time, never-to-be-repeated mistake." *Disciplinary Counsel v. Margolis*, 2007-Ohio-3607, ¶ 26.  Rohrbaugh's lesser culpability than that of his coconspirators and his show of remorse and acceptance of responsibility for his crimes persuade us that he will be able to resume a law-abiding life upon his release from prison.  We therefore give him the benefit of credit for time served under his interim felony suspension.

{¶ 27} Having reviewed the record and our precedent, we conclude that an indefinite suspension with credit for the time served under his interim felony suspension is the appropriate sanction for Rohrbaugh's misconduct in this case.

**CONCLUSION**

{¶ 28} Accordingly, Robert James Rohrbaugh II is indefinitely suspended from the practice of law with credit for time served under his February 15, 2023 interim felony suspension.  Costs are taxed to Rohrbaugh.

Judgment accordingly.

_____

J. Michael Thompson, Bar Counsel, for relator.

9

John B. Juhasz, for respondent.

_____